HELVERING, COMMISSIONER OF INTERNAL REVENUE, *v.* MORGAN'S, INC. ET AL.

No. 12. Argued October 11, 12, 1934.—Decided November 5, 1934.

*Mr. H. Brian Holland,* with whom *Solicitor General Biggs, Assistant Attorney General Wideman,* and *Messrs. James W. Morris* and *John H. McEvers* were on the brief, for petitioner.

*Mr. Lawrence E. Green,* with whom *Mr. Haskell Cohn* was on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

This petition for certiorari, 292 U. S. 618, presents for determination the single question, whether the two separate periods in 1925, for which the taxpayer made separate income tax returns, constitute two " taxable years " within the meaning of § 206 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 17, which permits the taxpayer suffering a net loss in any taxable year to deduct it from taxable gains in the two succeeding taxable years.

On June 1, 1925, respondent, Morgan's, Incorporated, acquired all the voting stock of respondent Haines Furniture Company. Later, and in due course, in compliance with § 240 (a) and Article 634 of Treasury Regulations 69, the Haines Company filed its separate income tax return for the first five months of 1925 preceding the affiliation,

and the two affiliated corporations filed a consolidated return for the last seven months of the year and for the calendar years 1926 and 1927. During the seven months' period of 1925, and in 1926 and 1927, Morgan's, Incorporated, reported net income. In the first five and the last seven months of 1925, and in 1926, the Haines Company suffered net losses. In 1927 it made a net profit. Its net loss in the first five months of 1925, before affiliation, was shown in its separate return for that period. Its net losses for the last seven months of 1925 and for the year 1926 were shown in the consolidated returns of the two corporations for those periods and were deducted from the net income of Morgan's, Incorporated, in the returns for each of these periods. In the consolidated return for 1927, the Haines Company brought forward its loss for the first five months of 1925 and deducted it from its net income for 1927, under the provisions of § 206 (b). The Commissioner disallowed this deduction, and determined a corresponding deficiency for the taxable year 1927. The order of the Board of Tax Appeals sustaining his action was set aside by the Court of Appeals for the first circuit. 68 F. (2d) 325. Like rulings have been made by the Courts of Appeals in other circuits. *Arnold Constable Corporation* v. *Commissioner*, 69 F. (2d) 788 (C. C. A. 2d); *Crossett Western Co.* v. *Commissioner*, 73 F. (2d) 307 (C. C. A. 3rd); *Joseph & Feiss Co.* v. *Commissioner*, 70 F. (2d) 804 (C. C. A. 6th). A different conclusion was reached in *Wishnich-Tumpeer, Inc.* v. *Commissioner*, App. D. C., Mar. 12, 1934, under the Revenue Act of 1928, applied in circumstances and under regulations not involved in the present case.

Section 206 (b) permits the taxpayer to carry forward a net loss sustained " for any taxable year " and to deduct it from " net income of the taxpayer for the succeeding taxable year." If the net loss to be deducted is in excess of the net income for that year, he is permitted to deduct the excess " from the net income of the next succeed-

ing taxable year," referred to in the section as the "third year." In all cases the deduction is to be made under regulations made by the Commissioner.

It is plain that under this section the Haines Company, had it not taken advantage of the statutory provision authorizing consolidated returns, would have been permitted to carry over its net loss of 1925 for the next two succeeding years, and as it made no profit in 1926 its entire net loss for 1925 could have been deducted from its profit in 1927. But the government contends that the taxpayer has forfeited that privilege by making a return for the first five months of 1925, as it was required to do in order to avail itself of the privilege of making consolidated returns after the date of affiliation. It is said that the two periods in 1925, for which separate returns were made, are two separate taxable years within the meaning of the tax act, so that the "third year" within which § 206 permits the deduction is, in this case, the year 1926. This construction is required, it is urged, by the definition of "taxable year" in § 200 (a), which reads:

"(a) The term 'taxable year' means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. The term 'fiscal year' means an accounting period of twelve months ending on the last day of any month other than December. The term 'taxable year' includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1925, shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925." U. S. C. App., Title 26, § 931.

The provision that the term "taxable year" "includes" the period of less than twelve months for which a separate return is made, when read only with its imme-

diate context, is not free from ambiguity. It may be admitted that the term " includes " may sometimes be taken as synonymous with " means," and that the subsection may be taken to require, as the Government contends, that a fractional part of a normal taxable year of twelve months for which a return is made shall be treated, for all purposes, as a separate taxable year.

But the phraseology is also open to the construction that the word " includes " is used as the equivalent of " comprehends " or " embraces," and that by it the section merely adopts a familiar device in aid of statutory construction, by providing that wherever other sections refer to a " taxable year " that phrase may, if the context requires, be taken also to refer to or to " include " a fractional part of that taxable year, for which a separate return is made.[1]  If the language is so construed and ap-

---

[1] The terms " means " and " includes " are not necessarily synonymous. The distinction in their use is aptly pointed by §§ 2, 200 of the Act itself. Section 2 (a) gives general definitions of ten terms; of these, three are stated to " include " designated particular instances, the other seven are stated to " mean " the definitions subsequently given. § 200, in addition to the definitions contained in subsection (a), gives four of which two use the verb " include " and two the verb " means." That the draftsman used these words in a different sense seems clear. The natural distinction would be that where " means " is employed, the term and its definition are to be interchangeable equivalents, and that the verb " includes " imports a general class, some of whose particular instances are those specified in the definition.  This view finds support in § 2 (b), which reads:  " The terms ' includes ' and ' including ' when used in a definition contained in this Act shall not be deemed to exclude other things otherwise within the meaning of the term defined."  This indicates that the particular is not necessarily a substitute for the general term, excluding more general meanings included within its scope.  " Taxable year " is defined in § 200(a) as " meaning " a calendar or fiscal year of twelve months, and " including " a fractional part of a year; it hardly can be said that the words plainly and without ambiguity import that in § 206 (b) the term must be taken to mean only a fractional part of the year, to the exclusion of the alternative definitions of a calendar or fiscal year.

plied here, "the loss sustained for any taxable year," which § 206 permits to be carried forward, would include the loss sustained for the first five months of the taxable year for which the separate return was made, and that loss, as well as any other loss separately reported for the remaining part of the taxable year, not otherwise absorbed, could be carried forward to the taxpayer's next two succeeding taxable years, here the calendar years of 1926 and 1927. This construction finds support in the final sentence of the subsection which declares that the " first taxable year," which by definition " includes " a fractional part of the year, " shall be the calendar year 1925 or any fiscal year ending during the calendar year 1925." Obviously the first five months of 1925 could not be the calendar year 1925. But a return made for those months, a fractional part of the year, might be treated, within the meaning of the section, as a return for the calendar year of which they are a part. It plainly is not contemplated that the five months are to be treated as a taxable year different from the calendar year.

But the true meaning of a single section of a statute in a setting as complex as that of the revenue acts, however precise its language, cannot be ascertained if it be considered apart from related sections, or if the mind be isolated from the history of the income tax legislation of which it is an integral part. See *Helvering* v. *New York Trust Co.*, 292 U. S. 455, 464. The revenue acts since the Sixteenth Amendment have consistently assessed income taxes on the basis of annual accounting periods, either the calendar year or the different fiscal year which the taxpayer may adopt. From the beginning these periods have been known as taxable years and the provisions of the taxing statutes have been drafted and enacted with primary reference to such normal accounting periods. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, 363; *Woolford Realty Co.* v. *Rose*, 286 U. S. 319,

326. The statutes since 1917, and related regulations, have uniformly required the taxpayer's returns to be made on the basis of the twelve months' accounting period shown by the taxpayer's books, whether it be the calendar year or a different fiscal year. The change of this period by the taxpayer from the calendar to a. different fiscal year or the reverse, has been permitted only on consent of the Commissioner and upon compliance with appropriate regulations. These dominating features of income tax legislation were incorporated in the 1926 Act by §§ 212, 232, to which § 200 (a) expressly refers.

The definition of " taxable year " in § 200 (a) is therefore incomplete unless it be understood that the period for which a return is made, whether it be for a year or a fractional part of it, is to be related to the twelve months' accounting period of the taxpayer. Where the return is for a period of less than twelve months, the year of which it is a fractional part is the annual accounting period of the taxpayer, which is his taxable year. Here the taxpayers' taxable year, both before and after the year of affiliation, was the calendar year. After affiliation, as before, the affiliated corporations, although filing consolidated returns, continued to be separate taxable units. The consolidated returns operated only to unite them for the purpose of tax computation and the equitable apportionment between them of the tax thus computed. See *Woolford Realty Co.* v. *Rose, supra,* 328. During 1925, the year of affiliation, the accounting year of the taxpayers remained the calendar year and was their taxable year in the sense that it was the twelve months' accounting period for which they were bound to report income and pay taxes, although permitted to make separate returns for fractional parts of the year in order that the income for the seven months following affiliation might be reported in a consolidated return. The filing of separate returns for fractional parts of the year did not involve any change of the

taxpayer's accounting year, and had no effect upon the actual net income of the taxpayer for that year, or on the amount of tax payable except insofar as the provisions for a consolidated return were availed of.

Section 206 (b) appeared in the revenue acts prior to the addition, in § 200 (b), of the provision that the term taxable year includes fractions of a year. See §§ 204 (b) of the Revenue Acts of 1918, c. 18, 40 Stat. 1057, 1061, and 1921, c. 136, 42 Stat. 227, 231. In the 1921 Act it allowed to the taxpayer entitled to its benefits two full accounting periods of twelve months each within which he might carry over and deduct losses of an earlier taxable period. In view of the extent to which the practice of fixing the tax with reference to the twelve months' accounting periods of the taxpayer has been recognized and carried into the structure of the revenue acts, only clear and compelling language added to § 200 (a) to define the phrase " taxable year " would justify application of that phrase in the remedial section 206 to periods of less than twelve months, in such manner as to restrict the benefits which like sections had previously extended to taxpayers entitled to enjoy them.

It is no answer to the arguments of respondent to say, as the Government does, that the meaning of the phrase " taxable year " must be the same throughout the section. The same meaning need not always be attributed to a phrase which, by hypothesis, has more than one meaning for purposes of statutory construction. By the Government's own construction, taxable year as used in § 206 is taken to mean the first five months of 1925, the last seven months of that year, and the entire calendar year 1926. The question which we have to decide is whether the two taxable years, within which the taxpayer is permitted to deduct his loss, are to be taken as the two taxable years of the taxpayer, here the calendar years 1926 and 1927, even though the statute includes in the

loss to be deducted that incurred in the first five months of the calendar year 1925.

The provision of § 200 (a), that the term taxable year includes fractions of a year for which a return is required, first appeared in the like section 200 (a) of the Revenue Act of 1924, c. 234, 43 Stat. 253, 254. The corresponding sections 200 of the 1918 and the 1921 Acts made no reference to fractions of a year for which a return is made. They defined the taxable year as the twelve months of the calendar year or of the fiscal year on the basis of which the net income was computed, although §§ 226 and 240 of each act and related regulations provided in special circumstances for returns for a fractional part of a year. Before the 1924 Act the Commissioner had ruled that a fractional part of a taxable year for which a tax return was made was not a taxable year, and that in consequence the privilege granted to taxpayers by § 204 (b) of those acts of carrying over a loss sustained " for any taxable year " to the next or the two succeeding taxable years did not extend to losses shown by a return for a fraction of a year. This ruling was sustained by numerous decisions of the Board of Tax Appeals. See Takoma Grocery Co. v. Commissioner, 1 B. T. A. 1062; Arthur Walker & Co. v. Commissioner, 4 B. T. A. 151; Dorsey Drug Co. v. Commissioner, 7 B. T. A. 229; Turners Falls Power & Electric Co. v. Commissioner, 9 B. T. A. 435; General Box Corp. v. Commissioner, 22 B. T. A. 725, 729. The House Ways and Means Committee, in reporting the bill which became the Revenue Act of 1924 explained the amendment to § 200 as follows: " In subdivision (a) of this section the term ' taxable year ' is defined to include a period of less than a year when a return is made for such period. Under the existing law the use of the term ' taxable year ' in the ' net loss ' section and other sections has been construed not to cover the case of a return made by a taxpayer for a fractional part of a year, with the re-

sult that the benefits of such section are denied to tax-
payers who are required by law to make a return for a
fractional part of a year." Report 179, Ways and Means
Committee, 68th Cong., 1st Sess., p. 10. The report of
the Senate Finance Committee uses identical language.
Report 398, Finance Committee, 68th Cong., 1st Sess.,
p. 10.

The 1918 Act had permitted the carrying over of the
loss for a single taxable year. The 1921 Act had extended
the privilege for a period of two full years. There is no
suggestion in the committee reports that by the 1924
amendment of § 200, in order to extend the benefits, con-
ferred by § 204 in earlier acts, to the taxpayer who makes
a return for a fractional part of his taxable year, there
was the purpose to withhold from him any of these bene-
fits. The implication is clear that there was not, and
that the intention was that a taxpayer filing a return for
a part of his taxable year should stand on the same foot-
ing, with respect to carrying over a loss shown by his
return, as the taxpayer who had filed a return for the
entire twelve months of the same taxable year. This
intention was made effective by the addition to § 200 of
words which, in terms, made the phrase " taxable year "
as used in § 206 include " in the case of a return for a
fractional part of a year," that part of the taxable year
for which the return is made. Thus, under § 206 the loss
for a taxable year which may be carried over includes the
loss for the fractional part of the taxable year of the tax-
payer, for which a separate return is required. The next
succeeding taxable years to which the loss may be carried
are likewise the taxable years of the taxpayer, here the
calendar years 1926 and 1927.

It is of some significance that Article 634 of Treasury
Regulations 69, which in case a consolidated return is
made requires a separate return for the fractional part
of a year not included in the consolidated return, uses the

phrase "taxable year" as referring to the taxable year of the taxpayer, and speaks of the fraction of a year for which a separate return is made as "the portion of the taxable year" during which the taxpayers were not affiliated. It does not refer to the return as the return for a taxable year, but only as a return for a fractional part of the taxable year, and such returns are required to be made and the tax is required to be paid at the same time as in the case of a return for the entire taxable year.

It is unnecessary to consider the effect to be given to returns required for a fractional part of the year, where the taxpayer changes his taxable year from a calendar year to a different fiscal year, or vice versa, with respect to which different considerations may enter. See *Wishnich-Tumpeer, Inc.* v. *Commissioner, supra.*

*Affirmed.*