## HAL ROACH STUDIOS, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61750.   Promulgated November 30, 1934.

*Karl W. Krause, Esq.*, for the petitioner.
*M. B. Leming, Esq.*, for the respondent.

#### OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in income tax of the petitioner for the fiscal year ending July 31, 1929, in the sum of $7,879.39, of which amount the sum of $5,548.92 is in controversy.

The sole question involved is whether or not, for the purpose of carrying forward net losses, the phrase " taxable year ", as used in section 206 (b) of the Revenue Act of 1926 and section 117 (b) and (e) of the Revenue Act of 1928, means a year of 12 months, notwithstanding the fact that because of a change in the affiliated status of the corporation a separate return may have been required and filed for a part of a year.

The facts were stipulated substantially as follows:

The petitioner is a domestic corporation, incorporated April 27, 1926, under the laws of the State of California, and is engaged in motion and sound picture production. Its principal place of business is located on Washington Boulevard, Culver City, California.

The petitioner commenced business on April 3, 1926, when the production end of the motion picture business of Hal E. Roach Studios was transferred to it by the parent company in exchange for capital stock of the petitioner.

Hal E. Roach Studios, a corporation organized under the laws of the State of California, and the petitioner, were affiliated within the meaning of the Revenue Acts of 1926 and 1928 only for the period from April 3, 1926, to April 13, 1927, inclusive. The affiliated status, under the Revenue Acts of 1926 and 1928, terminated on April 14, 1927.

The fiscal year of the petitioner and of Hal E. Roach Studios ended on July 31, in the years 1926, 1927, 1928, and 1929, and the accounting records of the petitioner and Hal E. Roach Studios were kept on a fiscal year basis and were closed each fiscal year on July 31 in the years 1926, 1927, 1928, and 1929.

The petitioner and Hal E. Roach Studios, or either of them, did not change the date of the ending of their respective fiscal years from July 31 to any other date in the years 1926, 1927, 1928, and 1929, and did not request a change of accounting period from July 31 to any other date in the years 1926, 1927, 1928, and 1929.

The petitioner filed a waiver of the statute of limitations on the fiscal years 1928 and 1929, extending the period to December 31, 1931, to permit the examination of its records by the field agents of the respondent.

The petitioner had the following taxable net income and statutory net losses for the following periods, as computed by the respondent in the revenue agent's supplemental report dated November 18, 1931.

| Period | Net loss | Net income |
|---|---|---|
| Apr. 3, 1926, to July 31, 1926 | $48, 586. 43 | |
| Aug. 1, 1926, to Apr. 13, 1927 | 226, 511. 90 | |
| Apr. 14, 1927, to July 31, 1927 | 123, 905. 04 | |
| Aug. 1, 1927, to July 31, 1928 | | $353, 399. 67 |
| Aug. 1, 1928, to July 31, 1929 | | 69, 016. 58 |

Hal E. Roach Studios had the following statutory net losses and taxable income: For the period from April 3, 1926, to July 31, 1926, a statutory net loss of $8,437.36; for the period August 1, 1926, to April 13, 1927, a loss of $583.02, reduced by nontaxable interest of $475.44 and domestic dividends of $1,473.73, resulting in no statutory net loss of taxable income for this period.

The consolidated statutory net losses of the petitioner and Hal E. Roach Studios are as follows: For the period from April 3, 1926, to July 31, 1926, a statutory net loss of $57,023.79; for the period August 1, 1926, to April 13, 1927, a statutory net loss of $226,511.90, which sum is made up entirely of the statutory net loss of the petitioner.

The petitioner originally made and filed a consolidated return as provided by Regulations 69, with Hal E. Roach Studios, parent, and included therein the operations of the petitioner for the period from April 3, 1926, to July 31, 1926, and the operations of Hal E. Roach Studios from August 1, 1925, to July 31, 1926.

The petitioner made and filed later an amended separate return, including therein its operations only, and for the period April 3, 1926, to July 31, 1926, and such return was filed by the petitioner without first securing the permission of the Commissioner, required by article 632, Regulations 69.

The petitioner made and filed later an amended separate return, period August 1, 1926, to July 31, 1927, and included therein only the operations of the petitioner for such period, and no other return has been made and filed by the petitioner covering the same period. The petitioner did not make and file either a consolidated return or a separate return for the period August 1, 1926, to April 13, 1927, nor was a separate return made and filed by the petitioner covering the period April 14, 1927, to July 31, 1927, which periods cover the affiliated and the nonaffiliated periods, respectively, in the respondent's determination.

The petitioner made and filed separate returns for the periods August 1, 1927, to July 31, 1928, and August 1, 1928, to July 31, 1929, and included therein only the operations of the petitioner for such periods, and no other returns of any kind, nature, or description were ever filed by the petitioner for those periods.

The petitioner never made or filed any return for a fractional part of any year prior to August 1, 1930, other than for the period April 3, 1926, to July 31, 1926, inclusive, which period is from the date of inception of its corporate entity and activities to the date adopted by the petitioner as the close of its fiscal year.

Hal E. Roach Studios did not make or file any return for a fractional part of any of the years 1926, 1927, 1928, and 1929.

The respondent computed the deficiency of $7,879.39 for the period August 1, 1928, to July 31, 1929, inclusive, as follows:

| | |
|---|---:|
| Statutory net loss (of petitioner) applicable to the period commencing April 3, 1926, and ending July 31, 1926 | $48,586.43 |
| Statutory net loss (of petitioner) applicable to the period from August 1, 1926, to April 13, 1927 | 226,511.90 |
| Statutory net loss (of petitioner) covering the period from April 14, 1927, to July 31, 1927 | 123,905.04 |
| Total statutory net losses of petitioner applicable as above from August 1, 1926, to July 31, 1927 | 350,416.94 |
| Less: Net income (of petitioner) for the period ending July 31, 1928 | 353,399.67 |
| Statutory net loss (of petitioner) applicable to 1929 | NONE |

### Computation of Tax—July 31, 1929

| | |
|---|---:|
| Net Income for taxable year | $69,016.58 |
| Statutory net loss (of petitioner) applicable | NONE |
| Net income | 69,016.58 |
| Less: Credit for $3,000 for domestic corporation having net income less than $25,360.00 for 1929 | NONE |
| Balance subject to tax | $69,016.58 |
| Proportion of the tax applicable to the proportionate basis that the time in 1928 is to the time in 1929—$\frac{5}{12}$ of $69,016.58, at 12% | 3,450.83 |
| Proportion for the year 1929 would be $\frac{7}{12}$ of $69,016.58 at 11% | 4,428.56 |
| Total tax due | $7,879.39 |
| Tax previously assessed | NONE |
| DEFICIENCY IN TAX | $7,879.39 |

The identical question here presented was before the Board in *Weissberger Moving & Storage Co.*, 26 B. T. A. 1375; *Arnold, Constable Corporation*, 26 B. T. A. 1427; *Joseph & Feiss Co.*, 26 B. T. A. 852; *Morgans, Inc.*, Memorandum Opinion, Nov. 5, 1932; *Wishnick-Tumpeer, Inc.*, 27 B. T. A. 548, and other cases, in all of which the Board sustained the Commissioner's ruling and held that where two corporations became affiliated during a taxable year and consequently two returns were required for the appropriate periods, each of such periods became a "taxable year" for the purpose of applying net losses. The Board was reversed by four Circuit Courts of Appeal to which appeal was prosecuted in various cases, *Morgans, Inc.* v. *Commissioner*, 68 Fed. (2d) 325 (C. C. A., 1st Cir.); *Arnold Constable Corporation* v. *Commissioner*, 69 Fed. (2d) 788 (C. C. A., 2d Cir.); *Crossett Western Co.* v. *Commissioner*, 73 Fed. (2d) 307 (C. C. A., 3d Cir.); and *Joseph & Feiss Co.* v. *Commissioner*, 70 Fed. (2d) 804 (C. C. A., 6th Cir.), and was affirmed by the Court

of Appeals for the District of Columbia in *Wishnick-Tumpeer, Inc.* v. *Commissioner*, —— Fed. (2d) —— (March 12, 1934).

A conflict existing, the Supreme Court granted certiorari in *Helvering* v. *Morgans, Inc., supra.* On November 5, 1934, the decision of the Supreme Court was delivered, in which the ruling of the Circuit Court of Appeals reversing the Board, was affirmed. *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121.

*Decision will be entered under Rule 50.*