## LEFCOURT REALTY CORPORATION, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 53368, 63126.   Promulgated January 3, 1935.

*Joseph R. Little, Esq.*, for the petitioner.
*J. Arthur Adams, Esq.*, for the respondent.

### OPINION.

SMITH: These proceedings, consolidated for hearing, involve income tax deficiencies for the fiscal years ended November 30, 1928, and November 30, 1929, of $117,219.05 and $37,730.12, respectively. The question presented is whether the periods December 1, 1926, to October 14, 1927, and October 15, 1927, to November 30, 1927, constitute separate "taxable years" or a single "taxable year."

The facts have been stipulated as follows:

(1) The petitioner was incorporated on October 3, 1927, under the laws of the State of Delaware and began business on October 15, 1927. Its principal office is located at No. 1359 Broadway, New York City. Returns for the fiscal years ended November 30, 1928 and November 30, 1929, were filed with the Collector of Internal Revenue for the Third District of New York.

(2) On October 15, 1927 the petitioner acquired all the capital stock of the following corporations:

1412 Broadway, Incorporated,
Central Zone Corporation,
Landcourt Realty Corporation,
Haslef Realty Corporation,
Broadway-Marlboro Realty Corporation.

On October 1, 1928 the petitioner acquired all the capital stock of 1375–83 Broadway Corporation.

(3) The petitioner kept its books of account and filed its income tax returns on the basis of a fiscal year ended November 30th.

(4) The petitioner filed a consolidated tax return for the period October 15, to November 30, 1927 in which was included income and/or loss of the petitioner and the affiliated corporation. The respondent determined the income and/or loss for each of said corporations, prior to his making adjustments for losses sustained by 1412 Broadway, Incorporated, and Central Zone Corporation for the fiscal year ended November 30, 1926, as follows:

| | | |
|---|---|---|
| Lefcourt Realty Corporation | (Loss) | ($2,177.30) |
| 1412 Broadway, Incorporated | Income | 40,112.33 |
| Central Zone Corporation | Income | 15,502.04 |
| Landcourt Realty Corporation | Income | 10,936.16 |
| Haslef Realty Corporation | Income | 11,127.09 |
| Broadway-Marlboro Realty Corporation | Income | 45,836.43 |

(5) The petitioner filed a consolidated tax return for the fiscal year ended November 30, 1928, in which was included income and/or loss of the petitioner and the affiliated corporations shown in paragraph (2) for the entire year with the exception of 1375–83 Broadway Corporation, whose income was reported in said return for the period October 1, 1928, to November 30, 1928. The respondent determined the net taxable income and/or losses to be as follows:

| | | | |
|---|---|---|---|
| Lefcourt Realty Corp., Petitioner | (12 months) | (Loss) | ($14,972.73) |
| 1412 Broadway, Incorporated | " " | Income | 251,136.15 |
| Central Zone Corporation | " " | Income | 121,247.60 |
| Landcourt Realty Corporation | " " | Income | 84,327.69 |
| Haslef Realty Corporation | " " | Income | 84,209.99 |
| Broadway-Marlboro Realty Corporation | " " | Income | 376,106.99 |
| 1375–83 Broadway Corporation, Period Oct. 1 to Nov. 30, 1928 | | Income | 64,699.60 |

(6) The petitioner filed a consolidated tax return for the fiscal year ended November 30, 1929, in which was included income of the petitioner and the affiliated corporations shown in paragraph (2) for the entire year. The respondent determined the net taxable income to be as follows:

| | |
|---|---|
| Lefcourt Realty Corporation | $610,388.40 |
| 1412 Broadway, Incorporated | 271,155.37 |
| Central Zone Corporation | 113,001.89 |
| Landcourt Realty Corporation | 83,218.37 |
| Haslef Realty Corporation | 82,561.27 |
| Broadway-Marlboro Realty Corporation | 365,646.59 |
| 1375–83 Broadway Corporation | 331,308.66 |
| Total | 1,857,280.55 |

(7) For the fiscal year ended November 30, 1926, the following corporations were affiliated and filed a consolidated return. The income and/or loss of the

individual companies, as determined by the Commissioner of Internal Revenue for the said fiscal year, are as follows:

| | | |
|---|---|---|
| 1412 Broadway, Incorporated | (Loss) | ($667,589.48) |
| Central Zone Corporation | " | (234,561.24) |
| Landcourt Realty Corporation | Income | 57,409.17 |
| Haslef Realty Corporation | " | 83,575.56 |
| Broadway-Marlboro Realty Corporation | " | 285,647.90 |
| Alcourt Realty Corporation | " | 10,571.65 |
| Alan Realty Company, Inc. | " | 57,964.49 |
| Haascourt Realty Corporation | " | 7,573.12 |
| Courtlef Realty Corporation | " | 26,550.18 |
| Milef Realty Corporation | " | 28,362.12 |
| 1375-83 Broadway Corporation | (Loss) | (43,999.27) |
| Felcourt Realty Corporation | " | (159,561.54) |
| Nala Realty Corporation | " | (30,766.12) |
| Amia Realty Corporation | " | (16,715.15) |

(8) The respondent determined the income and/or loss of the corporations whose names appear below for the period December 1, 1926 to October 15, 1927 as follows:

| | | |
|---|---|---|
| 1412 Broadway, Incorporated | (Loss) | ($162,186.25) |
| Central Zone Corporation | " | (41,248.91) |
| Landcourt Realty Corporation | Income | 95,871.66 |
| Halsef Realty Corporation | " | 66,817.10 |
| Broadway-Marlboro Realty Corporation | " | 224,497.24 |

The income and/or loss for the period December 1, 1926 to October 15, 1927 of the corporations whose names appear above was included in a consolidated return which included the income and/or loss of thirteen other corporations. Said return was filed on the basis of a fiscal year ended November 30, 1927. The names, losses sustained, and/or incomes, as determined by the Commissioner of Internal Revenue, for these thirteen corporations whose names do not appear above, and the period for which the income and/or loss of each was determined, are:

| | | | |
|---|---|---|---|
| Alcourt Realty Corporation. | Dec. 1, 1926 to Nov. 30, 1927 | ($5,990.63) | (Loss) |
| 1375-83 Broadway Corp. | " " " " " " " | (615,589.11) | " |
| Alan Realty Co., Inc. | " " " " " " " | (15,051.53) | " |
| Felcourt Realty Corp. | " " " " " " " | (88,972.67) | " |
| Haascourt Realty Corp. | " " " " " " " | (3,939.24) | " |
| Courtlef Realty Corp. | " " " " " " " | (34,599.22) | " |
| Nala Realty Corp. | " " " " " " " | 2,353.10 | Income |
| Milef Realty Corporation. | " " " " " " " | (322,115.31) | (Loss) |
| Amia Realty Corp. | " " " " " " " | (7,521.44) | " |
| Fobro Realty Co. | June 7, 1927 to " " " | (6,015.54) | " |
| 521 Fifth Avenue, Inc. | Oct. 24, 1927 " " " " " | (156,572.25) | " |
| A.E.L. Leasing & Management, Inc. | Nov. 11, 1927 to " " " | 6,833.61 | Income |
| A.E.L. Inc. | Sept. 23, 1927 to " " " | (15,310.71) | (Loss) |

(9) For the period December 1, 1927 to September 30, 1928, the net income of 1375-83 Broadway Corporation was $11,728.40. Said income was included

in a consolidated return filed for the fiscal year ended November 30, 1928, by a group of corporations with which said 1375-83 Broadway Corporation was affiliated during the period December 1, 1927 to September 30, 1928, inclusive. Said group of corporations other than 1375-83 Broadway Corporation, have no connection with the affiliated group here under consideration for the fiscal years ended November 30, 1928 and November 30, 1929.

Section 48 of the Revenue Act of 1928 provides in part as follows:

When used in this title—

(a) *Taxable year.*—"Taxable year" means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under this Part. "Taxable year" includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made. The first taxable year, to be called the taxable year 1928, shall be the calendar year 1928 or any fiscal year ending during the calendar year 1928.

(b) *Fiscal year.*—"Fiscal year" means an accounting period of twelve months ending on the last day of any month other than December.

Substantially the question presented herein was considered by the Supreme Court in *Helvering* v. *Morgans, Inc.*, 293 U. S. 121. The facts in that case were that on June 1, 1925, Morgans, Inc., acquired all the voting stock of the Haines Furniture Co. Later, and in due course, in compliance with section 240 (a) of the Revenue Act of 1926, and article 634 of Regulations 69, the Haines Furniture Co. filed its separate income tax return for the five months of 1925 preceding the affiliation and the two affiliated corporations filed a consolidated return for the last seven months of the year and for the calendar years 1926 and 1927. The question there was as to whether the five-month period from January 1 to May 30, 1925, and the seven-month period from June 1 to December 31, 1925, constituted separate taxable years within the meaning of the law and the regulations. The Supreme Court stated:

* * * The revenue acts since the Sixteenth Amendment have consistently assessed income taxes on the basis of annual accounting periods, either the calendar year or. the different fiscal year which the taxpayer may adopt. From the beginning these periods have been known as taxable years and the provisions of the taxing statutes have been drafted and enacted with primary reference to such normal accounting periods. *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359, 363; *Woolford Realty Co., Inc.* v. *Rose*, 286 U. S. 319, 326. The statutes since 1917, and related regulations, have uniformly required the taxpayers' returns to be made on the basis of the twelve months' accounting period shown by the taxpayer's books, whether it be the calendar year or a different fiscal year. * * *

We think that the reasoning of the Supreme Court in the above cited case is equally applicable in the proceedings before us. The definitions of "taxable year" and of "fiscal year" contained in the Revenue Act of 1928 are the same as those employed in the earlier

taxing statutes. From the stipulated facts it appears that the accounting period of the petitioner and of its affiliates was the fiscal year ended November 30. If the corporations had made separate returns they would all have been made upon that basis. When the petitioner, on October 15, 1927, acquired all of the shares of stock of other corporations the fiscal years of those corporations were not changed. In the filing of consolidated returns the results of opera- tions of the petitioner's subsidiaries up to the date their shares of stock were acquired by the petitioner were reported in the con- solidated returns of other corporations with which they were then affiliated; and after the shares of stock were acquired by the peti- tioner the results of operation of the subsidiaries were reported in the consolidated returns of the petitioner. But the "taxable year" of the affiliates was not changed thereby.

As pointed out by the Supreme Court, it was clearly the intention of Congress to permit the net losses of a 12 months' operation, where there was no change of the accounting period of the taxpayer, to be deducted from the net income of the succeeding year and the excess of that net loss to be deducted from the income of the succeed- ing year (referred to in the statute as the "third" taxable year). The decision of the Supreme Court in *Helvering* v. *Morgans, Inc., supra*, is clearly determinative of the issue presented in so far as it relates to the fiscal year ended November 30, 1928.

The petitioner's tax return for the fiscal year ended November 30, 1929, was made under the provisions of section 141 of the Revenue Act of 1928. That section provides in part:

SEC. 141. CONSOLIDATED RETURNS OF CORPORATIONS—1929 AND SUBSE- QUENT TAXABLE YEARS.

(a) *Privilege to file consolidated returns.*—An affiliated group of corpora- tions shall, subject to the provisions of this section, have the privilege of mak- ing a consolidated return for the taxable year 1929 or any subsequent taxable year, in lieu of separate returns. The making of a consolidated return shall be upon the condition that all the corporations which have been members of the affiliated group at any time during the taxable year for which the return is made consent to all the regulations under subsection (b) prescribed prior to the making of such return; and the making of a consolidated return shall be considered as such consent. In the case of a corporation which is a mem- ber of the affiliated group for a fractional part of the year the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

(b) *Regulations.*—The Commissioner, with the approval of the Secretary, shall prescribe such regulations as he may deem necessary in order that the tax liability of an affiliated group of corporations making a consolidated re- turn and of each corporation in the group, both during and after the period of affiliation, may be determined, computed, assessed, collected, and adjusted in such manner as clearly to reflect the income and prevent avoidance of tax liability.

Under the authority of section 141 (b), the respondent on January 3, 1929, prescribed Regulations 75. Article 14 of those regulations, entitled "Accounting Period of an Affiliated Group", reads as follows:

The taxable year of the parent corporation shall be considered as the taxable year of an affiliated group which makes a consolidated return and the consolidated net income must be computed on the basis of the taxable year of the parent corporation.

Another (article (*g*)) reads:

If a corporation, during its taxable year, becomes a member of an affiliated group, its income for the portion of such taxable year not included in the consolidated return of such group must be included in a separate return. * * *

And still another (article 41 (*d*)) reads:

Any period of less than twelve months for which either a separate return or a consolidated return is filed * * * shall be considered as a taxable year.

In *Wishnick-Tumpeer, Inc.* v. *Helvering* (App. D. C.), —— Fed. (2d) —— (March 12, 1934), the facts were that the parent company of an affiliated group changed its accounting period from a calendar year to a fiscal year ended June 30, and filed a return for the period January 1 to June 30, 1929. In such return it included the income of its subsidiary from November 1, 1928, to June 30, 1929. The respondent required a return of the subsidiary for the period November 1 to December 31, 1928, and the court held that this constituted a return for a "taxable year" within the meaning of the respondent's regulations. In *Helvering* v. *Morgans, Inc.*, *supra*, the Supreme Court called attention to the decisions of some of the Circuit Courts in which it was held that the term "taxable year" meant a 12-month period even though under certain circumstances two income tax returns were required by the respondent for such period. The Court noted:

* * * A different conclusion was reached in *Wishnick-Tumpeer, Inc.* v. *Commissioner*, decided March 12, 1934, by the Court of Appeals of the District of Columbia, under the Revenue Act of 1928, applied in circumstances and under regulations not involved in the present case.

At the conclusion of its opinion the Court stated:

It is unnecessary to consider the effect to be given to returns required for a fractional part of the year, where the taxpayer changes his taxable year from a calendar year to a different fiscal year, or vice versa, with respect to which different considerations may enter. See *Wishnick-Tumpeer, Inc.* v. *Commissioner*, *supra*.

In the proceedings at bar there has been no change of the accounting period. It is pertinent to consider, however, whether under Regulations 75 the two periods December 1, 1926, to October 14, 1927,

and October 15, 1927, to November 30, 1927, constitute separate "taxable years"; for if they do it is apparent that net losses sustained for the period December 1, 1926, to October 14, 1927, inclusive, are not available to the affiliates in computing taxable incomes for the fiscal year ended November 30, 1929, since such fiscal year would constitute not the "third" taxable year under the statute but the "fourth" taxable year. The respondent has treated the two periods comprehended by the 12-month period ended November 30, 1927, as separate taxable periods and on brief contends that they were. Such a contention must be regarded as warranted by Regulations 75.

Under section 141 (b) of the Revenue Act of 1928, the respondent is given authority, with the approval of the Secretary, to prescribe such regulations for consolidated returns as he deems necessary "to reflect the income and to prevent avoidance of tax liability." The authority does not extend to prescribing regulations which shall deny to corporations deductions from income and have the effect of increasing the taxable income. The statute prescribes that the net loss of a "taxable year" may be deducted from the net income of the succeeding taxable year and any excess from the following taxable year. Clearly if Regulations 75 did not prescribe a different definition for "taxable year" from that contained in the statute the petitioner's subsidiaries would be entitled to deduct from their net incomes of the fiscal year ended November 30, 1928, the net losses of the 12-month period ended November 30, 1927, and any excess from their net incomes of the fiscal year ended November 30, 1929. *Helvering* v. *Morgans, Inc., supra.* To the extent that Regulations 75 are in conflict with the statute and deny to corporate taxpayers deductions to which they are entitled under the taxing statute they are invalid. *Morrill* v. *Jones*, 106 U. S. 466; *Utah Power & Light Co.* v. *United States*, 243 U. S. 389; *Ramsey* v. *Commissioner*, 66 Fed. (2d) 316; certiorari denied, 290 U. S. 673.

It should be noted that Regulations 75 were promulgated prior to the decision of the Supreme Court in *Helvering* v. *Morgans, Inc., supra.* Had the respondent had the benefit of the interpretation placed upon the term "taxable year" contained in the above cited decision of the Supreme Court, presumably he would not have provided in his regulations that "any period of less than 12 months for which either a separate return or a consolidated return is filed * * * shall be considered as a taxable year."

We reach the conclusion that the two periods December 1, 1926, to October 14, 1927, inclusive, and October 15, 1927, to November 30, 1927, inclusive, constitute only one "taxable year" within the meaning of the statute and that that definition of the term is equally

applicable in the recomputation of the deficiencies for the fiscal years ended November 30, 1928, and November 30, 1929.

It does not appear from the stipulation just what the net losses of the several affiliates for the fiscal year ended November 30, 1926, were. The data for their computation is, however, in evidence. The net losses should be recomputed in accordance with the principle of adjustment invoked by the Board in *Walker Products Corporation*, 30 B. T. A. 636. Cf. *Greif Cooperage Corporation*, 31 B. T. A. 374.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Goodrich dissents.