PALOMAS LAND & CATTLE CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GRAND CANYON CATTLE CO., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56779, 56780. Promulgated January 30, 1936.

*M. F. Mitchell, Esq.*, and *Robert M. L. Baker, Esq.*, for the petitioners.

*Arthur L. Murray, Esq.*, for the respondent.

### OPINION.

MURDOCK: The Commissioner determined a deficiency of $15,-474.48 in the tax liability of Palomas Land & Cattle Co. (hereinafter called Palomas) "for the eleven months fiscal period ended November 30, 1928" and a deficiency of $245.23 in the tax liability of Grand Canyon Cattle Co. (hereinafter called Canyon) for the same period. The petitioners contend the Commissioner erred in using the period of 11 months as a taxable period for which tax is due and in failing to allow a deduction of $130,000 against income of the first 11 months of 1928. The facts have been stipulated but the stipulation need not be set forth in full.

Palomas purchased all of the capital stock of Canyon in 1915 for $200,000. This basis was reduced to $150,000 by a distribution of $50,000 received by Palomas from Canyon on November 30, 1928, and on that same day Palomas sold all of the capital stock of Canyon to third parties for $20,000, "thereby sustaining a loss of One Hundred Thirty Thousand ($130,000) Dollars." The two corporations kept their accounts on a calendar year basis and had filed consolidated returns for several years prior to 1928. No other corporations were included in the affiliated group. Palomas filed a return for the full calendar year 1928 "and included in said return the net income of" Canyon for the period January 1 to November 30, 1928, "to wit, the sum of $2,044.55." The net income shown on the return amounted to $432.48. Canyon filed a separate return for the period December 1 to 31, 1928. The Commissioner split the calendar year into two taxable periods, one of 11 months (consolidated) and one of one month (separate), and required a return for each. He disallowed the $130,000 as a deduction from the gross income of Palomas for the full calendar year and from income for the period of 11 months, but allowed it to Palomas as a deduction for the period December 1 to 31, 1928. He determined deficiencies for the period of 11 months only. The income of Palomas for the calendar year, excluding the loss of $130,000, was a little less than $130,000. Its operation during December resulted in a loss of $565.11. Its net income for the first 11 months, excluding the $130,000 loss item, amounted to $128,953.04. The correct net income of Canyon for the period of 11 months is not shown by the record.

The petitioners filed a consolidated return for 1927 and made no request to change to a separate return for 1928. Sec. 142(a), Revenue Act of 1928. There were only two corporations in the affiliated group. Affiliation was broken by the sale on November 20. The applicable regulations required the two corporations to make "ordinarily * * * a consolidated return including the income of both corporations to the date of the change in stock ownership", and a separate return for each for the remainder of the year. Regulations 74, art. 733. The Commissioner has acted in accordance with those regulations in this case. The question of taxable years for the purpose of carrying forward a net loss is a different question from the one here involved. Cf. *Wishnick-Tumpeer, Inc.* v. *Helvering*, 77 Fed. (2d) 774; certiorari denied, 296 U. S. 628. Taxable periods requiring returns may be shorter than 12 months. The loss was not deductible from the income of the affiliated group but only from the separate income of Palomas for the period following affiliation. *Remington Rand, Inc.* v. *Commissioner*, 33 Fed. (2d) 77; certiorari denied, 280 U. S. 591; *Riggs National Bank*, 17 B. T. A. 615; affd., 57 Fed. (2d) 980. The taxpayers chose to accept the benefits of consolidated returns. This disadvantage follows. The requirement is not an obvious injustice or hardship and in some cases may be an advantage. Net loss provisions permit the loss, unabsorbed by income of December, to be carried forward. Cf. *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121.

Affiliation in *S. Silberman & Sons*, 27 B. T. A. 1207; affd., 76 Fed. (2d) 360, was ended by a sale of the stock of the subsidiary on December 28, 1925. The Commissioner held that the loss from the sale could not be deducted from income of the affiliated companies for the period prior to the sale but could be deducted only from the separate income of the seller for the short period of a few days following the sale. The Board affirmed the Commissioner and the Circuit Court affirmed the Board. The present case is not distinguishable and may present a somewhat stronger case for the Commissioner, since the sale took place one month prior to the end of the calendar year instead of only a few days prior as in the *Silberman* case. Cf. *Houghton & Dutton Co.*, 26 B. T. A. 1420. The present case is distinguishable from the *Houghton & Dutton Co.* case by the fact that the subsidiary, Canyon, continued its corporate existence.

The only period for which the Commissioner determined a deficiency and consequently the only period as to which the Board has jurisdiction was a proper taxable period. The figures are not disputed. The Commissioner did not err in determining the deficiencies for that period.

Reviewed by the Board.

*Decision will be entered for the respondent.*

Van Fossan, Matthews, Turner, and Tyson dissent.

Smith, dissenting: The Palomas Land & Cattle Co. kept its books of account and made its income tax returns for 1928 and prior years upon a calendar year basis. It filed a return for the full calendar year 1928 "and included in said return the net income of the Grand Canyon Cattle Company, its only subsidiary, for the period January 1, 1928, to November 30, 1928, to wit, the sum of $2,044.55." For the full calendar year 1928 Palomas had a net loss. It is stipulated, however, that it had a net income up to the time it sold its shares of stock in Grand Canyon Cattle Co. of $128,953.04, a loss upon the sale of its shares of stock of Grand Canyon Cattle Co. of $130,000, and an operating loss for the month of December 1928 of $565.11.

The respondent, purporting to act under his regulations, has split the operations of Palomas for 1928 into two periods, namely, January 1 to November 30, 1928, and December 1 to December 31, 1928. A loss sustained upon the sale of the shares by Palomas was sustained on November 30, 1928. The respondent has disallowed the deduction of this loss in the determination of the deficiency.

The Board has repeatedly held that where a corporation makes a return or returns for a 12-month period, its reporting period, the respondent may not determine deficiencies upon the basis of operations for a fractional part of the year. *Mrs. Grant Smith*, 26 B. T. A. 1178; *Elgin Compress Co.*, 31 B. T. A. 273; *Pittsburgh & West Virginia Railway Co.*, 32 B. T. A. 66; *Forest Glen Creamery Co.*, 33 B. T. A. 564.

In *Helvering* v. *Morgan's, Inc.*, 293 U. S. 121, the Supreme Court said:

The definition of "taxable year" in section 200 (a) [Revenue Act of 1926] is therefore incomplete unless it be understood that the period for which a return is made, whether it be for a year or a fractional part of it, is to be related to the twelve months's accounting period of the taxpayer. Where the return is for a period of less than twelve months, the year of which it is a fractional part is the annual accounting period of the taxpayer, which is his taxable year. * * *

The "taxable year" of each of the petitioners involved in these proceedings was the taxable year 1928. The observation of the Supreme Court in the above cited case is equally applicable to the proceedings at bar; for the definition of "taxable year" contained in section 48 of the Revenue Act of 1928, with which we are here concerned, is not different from that considered by the Supreme Court. I am, therefore, of the opinion that the observation made by the Supreme Court in the above cited case is equally applicable here.

We then come to a consideration of the question as to whether Palomas has any liability for income tax for the calendar year

1928, for which it made its return. Clearly, if Palomas had made a separate return for 1928 (assuming that it was not barred from making a separate return for the reason that consolidated returns had been filed for prior years) Palomas would have had no tax liability for 1928; for the loss sustained by it upon the sale of its shares of stock in Canyon was a loss deductible from gross income under the statute.

I do not think that it was the intention of Congress that a tax should be imposed upon Palomas for its "taxable year" 1928 when in fact it had no net income for 1928. Such a result seems to me to be repugnant to the reasoning of the Supreme Court in *Helvering* v. *Morgan's, Inc., supra.*