[S. F. No. 16365. In Bank. June 9, 1942.]

HARRIET C. MALMGREN, Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

DAISY F. CASWELL, Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, H. H. Linney, James J. Arditto, and Valentine Brookes, Deputies Attorney General, for Appellant.

Joseph C. Meyerstein for Respondents.

TRAYNOR, J.—George W. Caswell, a resident of San Francisco, died testate on August 22, 1935. His will directed the payment of certain specific bequests, confirmed the right of his wife to one half of the community property and left the balance of the estate to his daughter, Harriet C. Malmgren. Under the decree of final distribution, entered by the court on November 3, 1937, the payment of debts and charges, family allowance and legacies, was approved and the residue was distributed, one half to testator's daughter and one half

to his wife. The executrix made a return pursuant to the California Personal Income Tax Act (Stats. 1935, p. 1090; amended by Stats. 1937, p. 1831; Stats. 1939, p. 2528; Stats. 1941, pp. 471, 2121, 3220; Deering's Gen. Laws, Act 8494) on behalf of the estate for each year of its administration. In 1937 she paid from the income account, estate and inheritance taxes, which are non-deductible under section 8 (c) of the act. She made a return setting forth all income received by the estate in 1937 and paid the tax computed on the full amount thereof without deduction. The commissioner returned the tax to the executrix and assessed a tax to testator's wife on one half the income and to testator's daughter on the other half. The taxes so assessed were paid under protest. The trial court overruled appellant's demurrers and granted respondent's motions for judgments on the pleadings. From these judgments this appeal was taken pursuant to a stipulation for consolidation.

Respondents concede that the account from which the estate made the distribution does not establish its character as a payment of corpus or income. (*Burnet* v. *Whitehouse,* 283 U. S. 148 [51 S. Ct. 374, 75 L. Ed. 916]; *Helvering* v. *Butterworth,* 290 U. S. 365 [54 S. Ct. 221, 78 L. Ed. 365]; *Letts* v. *Commissioner of Int. Rev.,* 84 F. (2d) 760, 762; *Sitterding* v. *Commissioner of Int. Rev.,* 80 F. (2d) 939.) It is clear also that the failure of the estate to deduct the income as a distribution to legatees does not free the legatees of tax thereon, if the distribution is a proper payment of income to them. (*Riker* v. *Commissioner of Int. Rev.,* 42 F. (2d) 150; *Little* v. *White,* 47 F. (2d) 512.) Each year the net income of an estate becomes subject to a tax against either the estate or the beneficiaries. As a general rule it is taxable to the beneficiaries only if it is distributed or distributable to them in the taxable year received by the estate. The commissioner cannot, and did not attempt to tax to respondents income received by and taxed to the estate in a year prior to 1937. (*Commissioner of Int. Rev.* v. *Owens,* 78 F. (2d) 768; *Haag,* 19 B. T. A. 982; *Ball,* 27 B. T. A. 388.) The sole question on these appeals, therefore, is whether under the California Personal Income Tax Act as amended in 1937, the income admittedly received by the estate in 1937 is taxable to the estate or to the wife and daughter.

Everything in the estate was distributed, including the 1937 income. The commissioner contends that this income

is taxable to the wife and daughter under paragraph (3) of section 12 (d) of the act providing: "In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary."

▮ The foregoing provision makes four specifications governing deductibility of the income by the estate and its taxability to the legatees: (1) The income must be received during the administration of the estate; (2) it must be income of the estate for its taxable year; (3) it must be paid or credited to the legatees properly, and (4) during that taxable year.

▮ The income in question meets these specifications. (1) It was received by the estate in 1937 during the administration and settlement of the estate. (2) The estate was on a calendar year basis and the income it received between January 1, 1937 and December 31, 1937, was income of the estate for that taxable year. (3) The approval of the probate court leaves no question that the distribution was properly made. (*Freuler* v. *Helvering,* 291 U. S. 35 [54 S. Ct. 308, 78 L. Ed. 634].) (4) Respondent concedes that the last taxable year of the estate was the entire calendar year 1937. The distribution of November 3, 1937, was therefore made during that taxable year even though the final account was allowed and the executrix ordered discharged at the same time. ▮ The taxable year represents an accounting period of twelve months. It is not reduced to a shorter period by the circumstance that a taxpayer undergoes a change in status or ceases to exist or that the income reported is for less than a twelve months' period. (*Bankers Trust Co.* v. *Bowers,* 295 F. 89 [31 A. L. R. 922]; *Strong Hewat & Co.* v. *U. S.,* 62 Ct. Cls. 67; *Louis Hymel Planting & Mfg. Co.,* 5 B. T. A. 910; *Penn et al. Executors* v. *Robertson,* 115 F. (2d) 167; *Helvering* v. *Morgan's Inc.,* 293 U. S. 121 [55 S. Ct. 60, 79 L. Ed. 232]; *Palomas Land & Cattle Co.* v. *Commissioner*

*of Int. Rev.*, 91 F. (2d) 100; *Commissioner of Int. Rev.* v. *General Machinery Corp.*, 95 F. (2d) 759.) In *S. F. Durkheimer*, 41 B. T. A. 585, on which respondents rely, the board of tax appeals held the income taxable to the estate and not to the residuary legatee on the theory that the final distribution was not made before the completion of the administration of the estate. The board interpreted subdivision (c) of section 162 of the federal act, which corresponds to paragraph (3) of section 12 (d) of the state act, as having reference "only to cases where the income has been paid or properly credited to the legatee during the period of administration or settlement." This interpretation is erroneous. The statute refers to all income received during administration and properly paid *during the taxable year* of the estate. Even if the administration were assumed to terminate before the final distribution, the estate's taxable year runs until the end of the twelve months' accounting period. Income properly paid during that period that was received during the administration of the estate is deductible by the estate and taxable to the legatee under the plain language of the statute.

 There remains the question whether the income retained its character as income when it was distributed to the legatees as part of the total assets. Income of an estate is clearly income to the legatees when distributed separately from the corpus of the estate. When it is distributed along with the corpus nothing occurs to alter its character. In either case it is merely transferred, not transformed. Before its distribution it is identified as income even though it is allied with the corpus as a constituent of the entire estate. It does not lose its identity after distribution to the legatees for whose benefit it has been held when it is allied with the corpus in distribution. The right of a legatee to the corpus vests at the death of the testator and "residuary legatees who receive payments of funds composed both of original assets of the estate and of estate income, receive that portion represented by estate income as income derived from their own property." (*Weigel* v. *Commissioner of Int. Rev.*, 96 F. (2d) 387, 389.) In *Weber* v. *Commissioner of Int. Rev.*, 111 F. (2d) 766, profit from the sale of a farm devised to residuary legatees, with a power of sale conferred on the executors, was distributed to them as part of the proceeds, and was held properly paid to them and deductible by the estate under section 162 (c) of the Revenue Act of 1932, corresponding

with paragraph (3) of section 12 (d) of the state act. The court declared: "We cannot grasp the commissioner's argument that the profit on the sale 'was never payable to them as such but was paid to them in discharge of their legacies.' The profit was payable to them as profit, because it was part of the proceeds of sale of the farm. See *Commissioner of Int. Rev.* v. *Stearns*, 2 Cir. 65 F. (2d) 371. On the assumption that it was the estate which realized the profit the case is squarely within section 162 (c)." (See *contra, Estate of Anderson* v. *Commissioner of Int. Rev.*, 126 F. (2d) 46; cf. *County National Bank & Trust Co.* v. *Helvering*, 122 F. (2d) 29.)

Respondents contend, however, that the entire distribution constitutes a legacy no part of which can be regarded as income, and is therefore exempt under section 7 (b) (3) of the act providing: "The following items shall not be included in gross income and shall be exempt from taxation under this act: . . . (3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)."

This contention is answered by the decision in *Irwin* v. *Gavit*, 268 U. S. 161 [45 S. Ct. 475, 69 L. Ed. 897], interpreting an identical provision in the Federal Income Tax Act of 1913 exempting bequests but taxing the income therefrom. A legatee who inherited the right to receive the income of a trust for fifteen years was held taxable on that income. The contention that the inherited income was his bequest yielded to the holding that all income of the estate arising after the death of the testator was taxable to someone and that Congress made it taxable to the recipient. In imposing the tax upon the beneficiary the income tax statutes of both the state and federal government thus distinguish between the estate and its income irrespective of whether the beneficiary may receive the income as a legacy. Under paragraph (3) of section 12 (d) of the state act, as in the corresponding federal provisions, the burden of taxation accompanies the income. The estate bears the burden of the tax when it holds the income, and transfers that burden to the legatee when it distributes the income.

Respondents have advanced the theory that a legatee is not taxable on income received by an estate unless he is entitled to have it paid to him at the time the estate receives it.

No such limitation, however, can be found in either the federal or state acts, nor could it be read into these acts without nullifying paragraph (3) of section 12 (d) of the state act as well as section 162 (c) of the Internal Revenue Code. Actually paragraph (3) of section 12 (d) supplements the provision in paragraph (2) of that section that currently distributable income is taxable to the beneficiary. All income to which the beneficiary is entitled at the time of its receipt by the fiduciary falls into the category of income to be distributed currently, envisaged in paragraph (2). It does not follow, however, that only such income is taxable to the beneficiary. The taxability of income to the beneficiary is not precluded by paragraph (2) simply because the income does not fall within its scope. Paragraph (3) designates income as taxable to the beneficiary precisely because it does not fall within the scope of paragraph (2). Under paragraph (3) income that is distributable in the discretion of the fiduciary is deductible when distributed to the beneficiary and taxable to the latter even though he is not entitled to such income at the time of its receipt by the fiduciary. Similarly, the provision in paragraph (3) that income received by an estate and paid to a legatee is deductible by the estate and taxable to the legatee makes it clear that such income is not limited to that contemplated by paragraph (2).

*Burnet* v. *Whitehouse,* 283 U. S. 148 [51 S. Ct. 374, 75 L. Ed. 916], *Roebling* v. *Commissioner of Int. Rev.,* 78 F. (2d) 444, and *Spreckels* v. *Commissioner of Int. Rev.,* 101 F. (2d) 721, on which respondents rely, are concerned with the meaning of currently distributable income in the federal income tax provisions corresponding to paragraph (2) of section 12 (d). They are not concerned with the provisions corresponding to paragraph (3) of that section encompassing the income of estates in administration and income that can be distributed at the discretion of the trustee. In any event the 1937 amendment to paragraph (2) of section 12 (d) renders the foregoing cases inapplicable even to that paragraph by providing, ". . . For the purpose of this paragraph amounts currently distributable to beneficiaries are distributable out of income of the estate or trust for the taxable year if there is income of the estate or trust for the taxable year out of which such distributions may be made and if, under the terms of the will or trust instrument, the distributions may be made out of such income, regardless of the fact that the will or

trust instrument provides that the distributions may be made out of the corpus of the estate or trust . . .'' (Stats. 1937, p. 1844.)

The judgments are reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Carter, J., concurred.

Respondents' petition for a rehearing was denied July 6, 1942.