## STODDARD v. MIAMI SAVINGS & LOAN CO.

### No. 6124.

Circuit Court of Appeals, Sixth Circuit.

March 13, 1933.

H. J. Crawford, of Cleveland, Ohio (T. M. Kirby and H. L. F. Kreger, both of

Cleveland, Ohio, R. E. Cowden and F. D. Schnacke, both of Dayton, Ohio, Squire, Sanders & Dempsey, of Cleveland, Ohio, and Craighead, Cowden, Smith & Schnacke, of Dayton, Ohio, on the brief), for appellant.

R. N. Brumbaugh, of Dayton, Ohio (E. G. Denlinger, of Dayton, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellant was a depositor in the appellee building and loan association, which was incorporated under the laws of the state of Ohio. Her deposits were specifically made subject to the by-laws of the association, printed upon the back of her certificates of deposit, which by-laws provided that, while all deposits were subject to withdrawal, should the applications for withdrawal at any time exceed the cash on hand "such applications shall be filed in the order in which they are received and paid in the order in which they are filed as fast as the receipts of the Association will pay them, and such payment shall be without preference as between members and depositors." Having theretofore filed a withdrawal notice, appellant brought her action in equity to enjoin the payment of funds of the association to the members of a "Christmas Savings Club," in advance of payments to her or to other depositors in like position. Although the injunction was denied, the appellee has voluntarily refrained from making payment of this Christmas fund pending appeal by plaintiff below. The question therefore has not become moot.

The above-quoted section of the by-laws restricted appellant's right to demand payment of her deposits except from "cash on hand" and "receipts of the Association." Read with its context, this provision can be construed as including only such cash and receipts as had been secured in the ordinary course of business, that is, from members in payment for stock, from depositors of the same class as appellant, or as payments on account of principal or interest upon the securities or mortgage loans in which the funds of the association had been invested, and which were not needed for the payment of debts of the association. By section 9656 of the General Code of Ohio such associations are empowered to borrow money to an amount not exceeding 20 per centum of the assets and we are of the opinion that neither the word "receipts" nor the phrase "cash on hand," as used in the by-laws, can be construed as including borrowed money or that procured and received upon an express promise to repay it on a day certain. We are not here called upon to determine whether, if the funds of the association were invested in part in Liberty bonds or other marketable securities, an obligation would exist to dispose of such securities in order to pay depositors.

But it is contended by the appellant that members of the Christmas Club are no less depositors than she is, and that they are equally bound by the provisions of the statutory law and by the by-laws of the association. It is accordingly urged that by the express terms of the by-laws no preference can be given to Christmas Club members over other depositors. It does not appear that appellant's notice of withdrawal was served prior to the date of the contracts of any of the Christmas Club members, nor is it satisfactorily explained why these contracts are not in themselves the complete equivalent of notices of withdrawal. But the case may be decided apart from these matters. Had the question arisen upon the insolvency of the association, or in dissolution proceedings, we may assume that the contention of the appellant would have been pertinent and sound. In the present case, however, the association is apparently solvent. The rights of both classes of depositors, if they are to be so considered, are founded upon contract. That the restrictions existing as to the withdrawal of ordinary deposits are essential to the very existence of the association may not be doubted. Englehardt v. Fifth Ward Permanent Dime Savings & Loan Ass'n, 148 N. Y. 281, 285, 42 N. E. 710, 35 L. R. A. 289. The distinction is that the demand of the appellant is not yet due, at least in the sense that an action might be maintained upon it. Her money was in effect invested in the business of the association. On the other hand, the demands of members of the Christmas Club are now past due, and the deposits of such members are much more clearly analogous to loans to the association than are the deposits of appellant. It may be conceded that both created a debtor and creditor relationship, but the right of the appellant to claim repayment is specifically conditioned upon the association having cash on hand to meet such requirement, while the contracts of members of the Christmas Club, with equal precision, fixed a definite date of maturity. These demands have thus become debts of the association in which the appellant has invested her money.

We conclude that funds received from members of such a club are no more to be considered as "receipts of the Association" than were funds received through borrowing, and that such Christmas Club members are entitled, by their contracts and under the by-laws, to preference in order of payment over regular depositors and members, whether the amounts they have deposited be considered "loans" or "deposits."

The decree of the District Court is accordingly affirmed.