## ECONOMY SAVINGS & LOAN CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10197.

Circuit Court of Appeals, Sixth Circuit.

Dec. 5, 1946.

---

Walter M. Shohl, of Cincinnati, Ohio, and Benjamin F. Miller, of Columbus, Ohio, for petitioner.

Berryman Green, of Washington, D. C. (Douglas W. McGregor, Sewall Key, Helen R. Carloss, and Berryman Green, all of Washington, D. C., on the brief), for respondent.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

HICKS, Circuit Judge.

Petitioner, The Economy Savings and Loan Company, seeks a review of a decision of the Tax Court affirming the action of the Commissioner of Internal Revenue in assessing against petitioner a deficiency in income and excess profits taxes in the respective amounts of $27,951.39 and $22,535.91, and a penalty of $5,633.95 in excess profits tax for the fiscal year ending September 30, 1940.

The facts were stipulated, and, as found by the Tax Court, are briefly as follows:

Petitioner, a building and loan association, was incorporated in 1892 under the Building and Loan Association laws of Ohio and carried on its business under Ohio law until September 30, 1940, except as hereinafter stated. Beginning with October 1, 1938, it kept its books of account on a cash receipts and disbursements basis. The accounting period was the fiscal year from October 1st to September 30th. It was exempt from income taxes under Sec. 101(4) of the Revenue Acts of 1936 and 1938, 26 U.S.C.A. Int.Rev.Code, § 101(4), and was not required to file income tax returns. This section follows:

"Sec. 101. Exemptions from tax on corporations.

"The following organizations shall be exempt from taxation under this chapter—

   \*     \*     \*     \*     \*     \*

"(4) Domestic building and loan associations *substantially all the business of which is confined to making loans to members;* and cooperative banks without capital stock organized and operated for mutual purposes and without profit; \* \* \*." (Italics ours.)

This status as to exemptions continued until February 1, 1940. The Tax Court found as a fact that on that date the petitioner called in all its outstanding stock and changed its method of operations; that prior thereto substantially all of its business was with borrowers who were shareholders, but that thereafter substantially all of its business was with borrowers who were not shareholders. This finding had ample support in the stipulated facts and exhibits thereto. Upon such findings of fact the Tax Court held as a matter of law that on February 1, 1940, petitioner lost its exempt status.

■ This finding was based on Treasury Regulation 103, promulgated under the Internal Revenue Code, which provides—

"Sec. 19.101—1. Proof of exemption.—

   \*     \*     \*     \*     \*     \*

"When an organization has established its right to exemption, it need not there-

after make a return of income or any further showing with respect to its status under the law, unless it changes the character of its organization or operations or the purpose for which it was originally created. * * *"

This regulation has the force and effect of law, Maryland Cas. Co. v. United States, 251 U.S. 342, 349, 40 S.Ct. 155, 64 L.Ed. 297, and when based thereon the Tax Court finding that petitioner lost its exempt status on February 1, 1940, is undoubtedly correct. It necessarily follows that its non-exempt status then began. In other words, it then became liable to taxation and from thenceforward was required to file income tax returns. This means of course that it was required to return income received by it after the critical date of February 1, 1940.

■ Petitioner claimed before the Tax Court and now claims here that this requirement constituted a short taxable year from February 1st to September 30th, and that no such change is authorized by law. It contends that its exempt status was either continued for the full fiscal year beginning October 1, 1939, or did not exist at all for that year. We think that neither alternative is correct when tested by the quoted regulation.

However, the Commissioner made no change in petitioner's accounting period. He recognized that this period still terminated on September 30, 1940, and under the system of taxing income annually it would have ordinarily begun one year earlier, or October 1, 1939. But petitioner was expressly relieved from making any return of income received until February 1, 1940, when its non-exempt status became effective. This change in status was not effected by any arbitrary act of the Commissioner but by respondent's own deliberate action in changing its mode of doing business. The inference is clear that when petitioner lost its exemption it was required to return its income for the remainder of its fiscal year. See Royal Highlanders, 1 T.C. pp. 184, 191.

There is nothing to indicate that the regulation in question was retroactive to October 1, 1939, or that its operation was postponed until October 1, 1940. We think that it was effective for the period from February 1, 1940, to the close of petitioner's fiscal year. There is nothing unusual in the requirement that a return be made for the fractional part of a year. Internal Revenue Code, Sec. 48, 26 U.S.C.A. Int. Rev.Code, § 48.

If our conclusion is correct, it is conceded that petitioner's taxable income from February 1, 1940, to September 30, 1940, is subject to the rates imposed by the Revenue Act of 1940 and to the excess profits tax imposed by Sec. 710 of the Internal Revenue Code for the same period, for the excess profits tax was computable from December 31, 1939, in accordance with Sec. 711 of the Code, 26 U.S.C.A. Int.Rev. Code, §§ 710, 711. The Tax Court found that respondent correctly computed the deficiency assessments against petitioner in accordance with the rates applicable during petitioner's non-exempt status and in this respect its decision is affirmed.

■ Petitioner filed no excess profits return for the period ending September 30, 1940, and the Commissioner assessed a 25% penalty against petitioner for failure to do so. The Tax Court sustained the Commissioner's assessment. The penalty was imposed under Sec. 291 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 291.

Under this section petitioner is liable for this penalty "Unless it is shown that such failure is due to reasonable cause and not due to willful neglect, * * *". The Tax Court sustained the Commissioner's assessment, with three members dissenting. The court held that petitioner had not shown that its failure to file the required return was due to reasonable cause. We think that the record conclusively shows that petitioner was not guilty of any wilful neglect in failing to file the return, and that it just as conclusively shows that the taxpayer did have a reasonable cause for its failure to make the return. The record discloses that petitioner not only believed that the excess profits tax return was not required, but that this belief was founded upon reasonable grounds, which are cogently set forth in the forceful brief filed in its behalf.

The excess profits tax did not accrue until December 31, 1939, and there were substantial grounds for the conclusion that petitioner's taxable year began on October of that year. While these considerations were not accepted by us, they nevertheless do afford a reasonable basis for petitioner's contention. Just what constitutes a taxable year or a taxable period within the year has been a matter of much concern and not free from ambiguity [see Helvering v. Morgan's Inc., 293 U.S. 121, 126, 55 S.Ct. 60, 79 L.Ed. 232]—so much so in fact, as to require a clarifying amendment (Act Oct. 21, 1942) to Sec. 48(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 48(a).

A taxpayer should not be penalized for making an honest effort upon reasonable grounds to avoid what he in good faith believes to be an unreasonable exaction.

This disposes of all questions presented to us in petitioner's brief.

Upon the record as it is made we are in accord with the view of the minority of the court that petitioner is not liable for the penalty. In this respect the order of the court is set aside but in all other respects it is affirmed.