AMES TRUST & SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14982. Promulgated May 13, 1949.

*J. R. Austin, Esq.,* for the petitioner.
*Frank M. Cavanaugh, Esq.,* for the respondent.

OPINION.

OPPER, *Judge*: That the instruments in controversy were certificates of indebtedness within the meaning of section 719, Internal Revenue Code,[1] follows from the holding in *Economy Savings & Loan Co.*, 5 T. C. 543, reviewed other issues (C. C. A., 6th Cir.), 158 Fed. (2d) 472. That case, as this, involved a certificate of deposit, and respondent relied upon the definition contained in Regulations 112, sec. 35.719-1:

> The term "certificate of indebtedness" includes only instruments having the general character of investment securities issued by a corporation as distinguishable from instruments evidencing debts arising in ordinary transactions between individuals * * *

But we held:

> * * * that the certificate of deposit issued by petitioner is a certificate of indebtedness, an instrument having the general character of an investment security, and thus is within the meaning of section 719 * * *

having previously concluded in language equally applicable here:

> * * * Are the funds deposited with petitioner under the circumstances hereinabove set forth invested in petitioner's business? Does this certificate have the general character of investment securities? We think these questions must be answered in the affirmative. * * *

In construing the succeeding sentence of the regulations, the question of whether ordinary bank deposits are includible in borrowed capital was not decided. That sentence reads:

> * * * Borrowed capital does not include indebtedness incurred by a bank arising out of the receipt of a deposit and evidenced, for example, by a certificate of deposit, a passbook, a cashier's check, or a certified check.

---

[1] SEC. 719. BORROWED INVESTED CAPITAL.

(a) BORROWED CAPITAL.—The borrowed capital for any day of any taxable year shall be determined as of the beginning of such day and shall be the sum of the following:

(1) The amount of the outstanding indebtedness (not including interest) of the taxpayer which is evidenced by a bond, note, bill of exchange, debenture, certificate of indebtedness, mortgage, or deed of trust, plus * * *

We said:

Respondent argues that petitioner was really in the banking business and therefore the money deposited with it, as evidenced by the certificates hereinabove referred to, must be excluded in computing petitioner's borrowed capital. Respondent claims that these certificates fall squarely within the definition set forth in the regulations excluding indebtedness incurred by a bank * * *. Respondent's suggestion that petitioner was really in the banking business and that the funds evidenced by the certificates herein involved are analogous to the deposits of a bank is not borne out by the evidence. The distinction between ordinary bank deposits and the deposits such as these was recognized in *Stoddard* v. *Miami Savings & Loan Co.*, 63 Fed. (2d) 851 * * *

We do not pass on the question of whether or not petitioner is in the banking business. We think that is immaterial to the precise question presented * * *.

The regulation is manifestly directed at the ordinary bank deposit of a demand nature. Under the principle of *noscitur a sociis*, the association of certificates of deposit with passbooks and checks satisfies us that what was referred to was a certificate of demand deposit. It may well be that ordinary bank deposits, even though represented by a certificate, would not be the kind of investment security to which the statute has reference. See *Kellogg Commission Co.*, 12 T. C. 182. We find it unnecessary to express an opinion on this subject, since the purpose of the legislation and the form of the regulation satisfy us that it has no application here.

The certificates of deposit in question had maturities of six months or a year; they bore interest; they were payable only upon maturity and were not subject to check. That, unlike *West Construction Co.*, 7 T. C. 974, the business here assumed the risk of the investment seems demonstrable from the consequence of a loss of the funds. The holder of the certificate would be repaid, and repayment would be by the petitioner and not by the Federal Deposit Insurance Corporation, which (12 U. S. C. 264 (1) (7)) insures the depositor and not the bank. Cf. *Brann & Stewart Co.*, 9 T. C. 614; acq. 1948-2 C.B. 1. In all respects, these certificates are as comparable to the investment securities envisaged by the regulation as those involved in *Economy Savings & Loan Co.*, *supra*. The mere fact that petitioner in its other capacities may have dealt with depositors as a banking institution is insufficent to qualify that result here as it was there.

*Decision will be entered under Rule 50.*

