**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**F. U. BRENNAN, Executrix of the
Estate of William J. Brennan,
Defendant-Appellant.**

No. 73-1765.

United States Court of Appeals,
Fifth Circuit.

Jan. 25, 1974.

C. V. Stelzenmuller, Birmingham, Ala., for defendant-appellant.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Fred B. Ugast, Acting Asst. Atty. Gen., Lee H. Henkel, Jr., Acting Chief Counsel, I.R.S., Washington, D. C., Ira DeMent, U. S. Atty., Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., Murray S. Horwitz, Richard W. Perkins, Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

BELL, Circuit Judge:

This action was instituted by the United States of America against F. U. Brennan, Executrix of the Estate of William J. Brennan, for unpaid Interest Equalization taxes and penalty, amounting to $31,613.50 plus interest as provided by law. The district court entered judgment, see United States v. Brennan, M.D.Ala., 1973, 368 F.Supp. 901, for the full amount in favor of the Government. Appellant contests the finding of both the tax liability and the penalty. We affirm as to the tax liability, but reverse the penalty award.

The Interest Equalization Tax Act, 26 U.S.C.A. §§ 4911–4920, imposes an excise tax on the acquisition by a United States person from a foreign person of foreign stocks and obligations. The Act was designed to provide a vehicle for reducing by appropriate taxation the balance of payments deficit of the United States, while insuring that local investment opportunities remain unimpaired. See 2 U.S. Code Congressional and Administrative News pp. 3478–3557, 88th Cong. 2d Sess. (1964). The Act, as of 1965—the tax year in question—imposed a tax equal to 15 per cent of the value of foreign stock acquired by a United States person. 26 U.S.C.A. § 4911. Congress expressly excepted from taxation the acquisition of both foreign stock and foreign debt obligations by a United States person from another United States person, so as not to burden the trade of securities within the United States. 26 U.S.C.A. § 4918. The Act provides that if a United States person purchases foreign convertible debentures and then converts the debentures into foreign stock, this constitutes the acquisition of foreign stock from a foreign issuer. 26 U.S.C.A. § 4912. Credit however would be given for the tax actually paid with respect to the debt obligation when acquired. 26 U.S.C.A. § 4913.

In 1965 William J. Brennan purchased 748 4¾ per cent convertible subordinated debentures of KLM Royal Dutch Airlines, a Netherlands corporation. These debentures were acquired from American owners, were accompanied by interest equalization tax-clear confirmations under 26 U.S.C.A. § 4918(d), and were therefore exempt from the Interest Equalization Tax. On October 14, 1965, Brennan converted 214 of the debentures into KLM Royal Dutch Airlines common stock in response to a September 14, 1965 notice of redemption issued by KLM. Treated as an "acquisition of stock from a foreign issuer," this conversion, contended the government, gave rise to an interest equalization tax of $41,119.50 (15 per cent of the purchase price of the stock), minus a credit of $21,108.01, prescribed by section 4913(a)(3), for a net tax liability of $20,011.49. Brennan had not filed an equalization tax return nor paid the amount in question. Although the Interest Equalization Tax Act is not without linguistic difficulties,[1] we have concluded that the district court correctly affirmed that part of the government's assessment. For a similar conclusion involving almost identical facts, see Armstrong v. United States, C.D. Cal., 1971, 27 Am.Fed.TaxR.2d 1884.

---

1. Section 4913(a)(3)(A) provides:
"Special limitations.—
Conversion of debt obligations into stock.—The tax imposed upon an acquisition of stock pursuant to the exercise of a right to convert a debt obligation . . . into stock shall be limited to—
"(i) the amount of the tax which would have been imposed by Section 4911 if the debt obligation had been treated as stock at the time of its acquisition by the person exercising the right (or by a decedent from whom such person acquired the right by bequest or inheritance or by reason of such decedent's death,) less
"(ii) the amount of tax paid by the person exercising the right . . . as a result of the acquisition of the convertible debt obligation or, if such acquisition was not subject to the tax imposed . . . the amount of the tax which would have been imposed as a result of such acquisition if such acquisition had been subject to such tax."

Taxpayer says that in ascertaining (i), or the amount of tax that would have been imposed by section 4911 if the debt obligation had been treated as stock at the time of its acquisition by the person exercising the right, the bonds treated as stock when William Brennan acquired them would have been tax exempt under 26 U.S.C.A. § 4918 because they would have been stock acquired from a prior American owner. The legislative history, S. Rep.No.1267, 88th Cong., 2d Sess., p. 33 (1964–2 Cum.Bull. 767, 791), and 26 U.S.C.A., § 4912(a), providing explicitly that "any" exercise of a right to convert a foreign debt obligation into stock "shall be deemed an acquisition of stock from the foreign issuer by the person exercising such right," indicate that § 4913 was meant only to insure against imposition of a heavier tax upon the conversion of debt into stock than would have been imposed had the stock originally been acquired in a taxable transaction.

PENALTY

Internal Revenue Code Section 6651(a)(1) authorizes a 25 per cent penalty for failure to file a return but that the penalty may be avoided if the taxpayer can show that the failure to file was due to a reasonable cause and not due to willful neglect. Appellant contends that the penalty is unwarranted here because the issues she raises, even if resolved against her, involve serious questions of interpretation; that the statute is filled with exceptions, exemptions, and definitions all couched in difficult language and particularly uncertain in 1965 when this was relatively new legislation. Appellant submits that this was reasonable cause at the time not to file a return and thus not willful neglect. The cases are agreed that neither inadvertence nor ignorance of the law is an excuse to avoid the penalty. Logan Lumber Company v. Commissioner of Internal Revenue, 5 Cir., 1966, 365 F.2d 846, 853. *Cf.* Southeastern Finance Company v. Commissioner of Internal Revenue, 5 Cir., 1946, 153 F.2d 205. Appellant does not so contend. Rather, she asserts that a misunderstanding based on reasonable doubt caused by actual ambiguities in the statute as to whether a return is required may be an acceptable excuse. See Economy Savings & Loan Co. v. Commissioner, 6 Cir., 1946, 16 CCH Tax Ct. Mem., Para. 47,148, aff'd, 6 Cir., 1946, 158 F.2d 472. See generally 10 Mertens § 55.23, at 166–7 (1970). The district court here recognized that a literal reading of 26 U.S.C.A. § 4913(a)(3)(A) could result in a zero tax liability under the present facts, see note (1) *supra*. We agree but, like the district court, we reject this construction. This does not mean, how-

ever, that the statute is without ambiguity.[2]

The sole basis for the District Court's sustaining the penalty was the inference from the pre-trial stipulation that taxpayer had notice that the conversion in question would result in tax liability under the Act. Taxpayer may or may not have had notice,[3] but there is no basis in the record for the inference. The Government has argued that a document referred to as a memorandum was attached to KLM's notice of redemption of the debentures in question. The so-called memorandum states that a United States person converting KLM debentures would be considered to have acquired common stock from a foreign person and thus subject to the Interest Equalization tax. While the memorandum appears on its face to be in the form of an advertisement and doubtless appeared in some publication, there is nothing in the record to show that taxpayer knew or should have known of it. The stipulation merely states that a copy of the notice of redemption "together with a memorandum with respect thereto and obtained by the Internal Revenue Service from the First National City Bank of New York is attached hereto and marked 'Exhibit A'." There is nothing in the record before us to suggest that the memorandum was sent to taxpayer or was otherwise brought to his attention. There is nothing in the record to show that the notice of redemption itself contained the information as to tax being due. There was thus no factual basis for the holding of the District Court that KLM's notice of redemption contained a memorandum giving appellant notice that tax liability would result under this Act upon conver-

---

2. See note (1) *supra*.

In Mora v. United States, E.D.Va., 1966, 266 F.Supp. 291, 294, the court did say the Act was plain and unambiguous, but it did so only with reference to the specific section at issue in that case, 26 U.S.C.A. § 4912, in order to reject taxpayer's argument there that the act was inapplicable to a transaction

resulting in no actual flow of dollars from the United States.

3. *Cf.* First National Bank in Dallas v. United States, Ct.Cl., 1970, 420 F.2d 725, 190 Ct.Cl. 400, cert. denied, 398 U.S. 950, 90 S.Ct. 1868, 26 L.Ed.2d 289; Purvis v. United States, W.D.Wash., 1972, 344 F.Supp. 785.

sion of the debentures. The penalty therefore cannot be sustained.

We have also considered the other assignments of error and find them without merit.

Affirmed in part, reversed and remanded in part for further proceedings not inconsistent herewith.