E. T. RENFRO DRUG COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12463. Promulgated December 7, 1948.

*R. B. Cannon, Esq.*, for the petitioner.
*Frank B. Schlosser, Esq.*, for the respondent.

### OPINION.

HARLAN, *Judge*: Petitioner contends that it is entitled to include the base period net income of the Wren and Horn partnerships in computing its excess profits credit under the average earning method for the years 1940 to 1943, inclusive, as provided in sections 740 and 742 of the Internal Revenue Code. The pertinent provisions of these sections (and of section 112 (b) (5), referred to therein) are set forth in the margin.[1]

---

[1] SEC. 740. DEFINITIONS.

For the purposes of this Supplement—

(a) ACQUIRING CORPORATION.—The term "acquiring corporation" means—

(1) A corporation which has acquired—

\*     \*     \*     \*     \*     \*     \*

(D) substantially all the properties of a partnership in an exchange to which section 112 (b) (5), or so much of section 112 (c) or (e) as refers to section 112 (b) (5), or to which a corresponding provision of a prior revenue law, is or was applicable.

\*     \*     \*     \*     \*     \*     \*

(b) COMPONENT CORPORATION.—The term "component corporation" means—

\*     \*     \*     \*     \*     \*     \*

(5) In the case of a transaction specified in subsection (a) (1) (D), the partnership whose properties were acquired.

SEC. 742. SUPPLEMENT A AVERAGE BASE PERIOD NET INCOME.

In the case of a taxpayer which is an acquiring corporation, its average base period net income (for the purpose of the credit computed under section 713) shall be the amount computed under section 713 or the amount of its Supplement A average base period net income, whichever is the greater. The Supplement A average base period net income shall be the amount computed without regard to subsection (h) of this section or computed under

The Commissioner contends that the partnerships whose property was acquired by petitioner were the partnerships consisting only of Inez Renfro and Inez Allen, and that the two sets of partnerships in which Horn and Wren, respectively, were partners, are not under the statute "component corporations" of petitioner. The Commissioner argues therefore that the income of the Horn and Wren partnerships during the base period years can not be included in the computation of petitioner's base period income for excess profits tax purposes.

The Commissioner relies upon a regulation which he prescribed under authority granted in section 742 (g) of the code, which regulation was published in Regulations 112, section 35.740-4, and reads as follows: "A partnership (or a business owned by a sole proprietor) cannot be an acquiring corporation."

Petitioner relies on *Ransohoffs Inc.*, 9 T. C. 376, to support its contention that it is entitled to the business experience of its component partnerships during the base period years, even though a member of those partnerships withdrew therefrom before the partnerships' assets were acquired by petitioner corporation.

The essential facts in *Ransohoffs Inc.*, *supra*, were quite similar to those at bar, except that in that case the partnership agreement specifically provided that the partnership (not the partnership business only) should continue after the death or withdrawal of a partner. In deciding that case this Court laid primary emphasis upon this agreement among the partners. We have no such agreement in the case at bar, and the reasoning in the *Ransohoff* case therefore does not apply to the case at bar.

subsection (h) of this section, whichever is the greater. The Supplement A average base period net income shall be computed as follows:

\* \* \* \* \* \* \*

(g) In the case of a partnership which is a component corporation by virtue of section 740 (b) (5), the computations required by this Supplement shall be made, under rules and regulations prescribed by the Commissioner with the approval of the Secretary, as if such partnership had been a corporation. \* \* \*

SEC. 112. RECOGNITION OF GAIN OR LOSS.

(a) GENERAL RULE.—Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.

(b) EXCHANGES SOLELY IN KIND.—

\* \* \* \* \* \* \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if· property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation ; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange. \* \* \*

\* \* \* \* \* \* \*

(h) DEFINITION OF CONTROL.—As used in this section the term "control" means the ownership of stock possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and at least 80 per centum of the total number of shares of all other classes of stock of the corporation.

It is obvious that with the sale of the Horn and Wren interests to Inez Renfro and Inez Allen one of two events occurred. Either there was then created a new partnership of Renfro and Allen which acquired the assets of the two sets of old partnerships, or the assets of the old partnership were acquired by Inez Renfro and Inez Allen in joint proprietorship. In either event the property of the Horn and Wren groups of partnerships passed through the hands of a partnership or of individuals who could not, under the statute and regulations, transfer to the corporation the business experience of the Horn and Wren partnerships during the base period because the intervening proprietors were not "acquiring corporations" as defined in the Internal Revenue Code.

The regulation of the Commissioner, *supra*, which we deem reasonable within the statutory authorization and which has been in existence since 1941, properly interdicts the inclusion of the business experience of the partnerships herein involved in the base period income of petitioner for the purpose of computing excess profits taxes.

There is an additional reason which prevents the Horn partnerships from being component corporations of petitioner. Section 740 (a) (1) (D) provides that the acquiring corporation must acquire substantially all of the properties of a partnership in an exchange to which section 112 (b) (5) is applicable. The evidence discloses that Inez Renfro and Inez Allen did not transfer all of the properties of the Horn group of partnerships to petitioner, and that the properties retained by them consisted of accounts receivable amounting to $60,689.21 and wines and liquors having a value of $2,212.75. The record is silent as to the actual value of all of the properties of this group of partnerships on the effective date of the transfer, August 31, 1939. We do know that Horn owned a one-fourth interest in these partnerships and that the amount he was to receive for that interest was to be based on book value on the effective date. For his one-fourth interest and some other property of undetermined value, he received $34,681.25, which would indicate that the book value of the properties of these partnerships was not in excess of $138,725. Inasmuch as the value of the assets retained by the Renfro-Allen interests amounted to approximately $63,000, petitioner has not sustained its burden of proving that it acquired "substantially all the properties" of the Horn group of partnerships.

It is not, therefore, entitled to use their base period experience in computing its excess profits credit for the taxable years.

Reviewed by the Court.

*Decision will be entered for the respondent.*

LEECH, *J.*, dissents.