The R. & J. FURNITURE COMPANY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12258.

United States Court of Appeals, Sixth Circuit.

Feb. 17, 1955.

Ernest H. Cohen, Canton, Ohio, for petitioner.

H. Brian Holland, Daniel A. Taylor, Claude R. Marshall, and Charles K. Rice, Washington, D. C., for respondent.

Before MARTIN, McALLISTER, and STEWART, Circuit Judges.

PER CURIAM.

The above cause coming on to be heard upon the transcript of the record, the briefs of the parties, and the arguments of counsel in open court, and it appearing that petitioner corporation acquired the properties of a partnership, bearing the same name, in an exchange to which Section 112(b) (5) of the Internal Revenue Code, 26 U.S.C.A. § 112(b) (5), applies, and that petitioner is, therefore, an "acquiring corporation" within the meaning of Section 740(a) (1) (D) of the Internal Revenue Code, 26 U.S.C.A. § 740(a) (1) (D); and is entitled to an excess profits credit based upon the average base period net income of the partnership, adjusted as required by Section 742(g) of the Internal Revenue Code, 26 U.S.C.A. § 742(g); and it appearing that the question before the Tax Court for determination was the proper amount to be allowed as a reasonable deduction for salary or compensation in each of the base period years of 1936 to 1939, inclusive, to each of the two partners of the petitioner's predecessor partnership, for personal services actually rendered by him to that partnership, in computing the base period excess profits net income of that partnership for the purpose of determining the excess profits credit of petitioning corporation; and it appearing that there is no finding by

the Tax Court in its findings of fact and conclusions of law as to the reasonable allowance for officers' salaries in adjusting the base period net income of the partnership, or component corporation, for the purpose of computing its excess profits credit based thereon; and it further appearing that the Commissioner has at no time made any determination as to the reasonable salaries to be allowed for such credit and deduction; and it further appearing that the Tax Court nevertheless decided that a deduction in the amount of $35,833 should be made for each of the years of 1936 to 1939, inclusive, for the said officers' salaries; and it further appearing that the facts in the case were not adequately developed; and the court being duly advised.

Now, therefore, it is hereby ordered, adjudged, and decreed that the decision of the Tax Court be reversed and the case be remanded for further proceedings and for findings and a determination as to the reasonable salaries to be allowed for the excess profits credit in question, with the right of both parties to introduce additional evidence before the Tax Court in such proceedings.