**DANIELS BUICK, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13115.**

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1958.

Clark E. Loofbourrow, Columbus, Ohio, for petitioner.

Melvin L. Lebow, Washington, D. C. (Charles K. Rice, John N. Stull, Harry Baum and Sheldon I. Fink, Washington, D. C., on the brief), for respondent.

Before STEWART, Circuit Judge, and BOYD and LEVIN, District Judges.

PER CURIAM.

This is a petition to review a determination of the tax court that the petitioner, Daniels Buick, Inc., was not a

"purchasing corporation" within the meaning of Section 474(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. Excess Profits Taxes, § 474(a), since it did not purchase substantially all the properties (other than cash) of another corporation, and therefore was not entitled to use the base period (1946 to 1949 inclusive) experience of such predecessor corporation in computing its excess profits credit for the year 1951. 26 T.C. 894.

A summary of the pertinent facts as found by the tax court follows: Petitioner was incorporated under the laws of Ohio in 1950. The Kelley Buick Sales & Service Company, hereinafter referred to as Kelley Buick, was incorporated under the laws of Ohio in 1936. On June 30, 1950 Kelley Buick elected to wind up and dissolve. At that time it had the following assets: Current assets of $211,486.11 which consisted of the following items: Cash—$156,271.12; customer accounts receivables—$2,183.51; prepaid insurance—$805.68; prepaid rent—$3,000.00; discounts receivable—$3,957.95; Ohio sales tax stamps—$22.-35; General Motor Acceptance Corporation repossession reserve—$5,421.44; loans due from L. T. and E. J. Kelley, stockholders of Kelley Buick—$39,824.-06. In addition, Kelley Buick had inventory assets valued at $32,130.12 and depreciable property valued at $64,755.-28. Petitioner, on July 6, 1956, purchased from Kelley Buick $25,343.29 of the inventory assets and depreciable property valued at $13,292.30. It also leased depreciable property consisting of four lots and body repair shop located on lots 3 and 4, with a book value of $51,462.98, from Elsie Kelley to whom these properties had been transferred upon the dissolution of the corporation. The lease provided for an initial term of five years with an option to renew for an additional five years, with the right of first refusal to petitioner to purchase the leased property upon the "same terms and conditions as lessor is willing to sell the said premises to a third party." Petitioner acquired none of the current assets.

Section 474 of the Internal Revenue Code of 1939, as amended by Section 521 of the Revenue Act of 1951, provides that a "purchasing corporation" may use the earning experience of a "selling corporation" in computing its average base period net income to determine its excess profit tax. Section 474(a) defines a "purchasing corporation" as a corporation which before December 1, 1950, acquired—

"(A) * * * substantially all of the properties (other than cash) of another corporation * * *"

 The five-year lease with an option to renew for an additional five-year period with an option of first refusal is not an acquisition of assets within the meaning and intent of Section 474. Senate Report No. 781, 82nd Congress, 1st Session (Int.Rev.Cum.Bull.1952–2, 458 at pp. 511–512); Joint Committee Staff Summary of Provisions of the Revenue Act of 1951 (Int.Rev.Cum.Bull. 1951–2, 287, 329).

 Petitioner also asserts that in determining whether it acquired substantially all the properties, the current assets of $55,214.99 are to be considered embraced by the term "other than cash" and therefore did not have to be acquired by petitioner. The court finds it unnecessary to consider this contention. Exclusive of the cash and other current assets, petitioner acquired only $38,635.-59 of the remaining $96,885.40 of assets or approximately 40% of such remaining assets. This is not an acquisition of substantially all of the properties of another corporation.

The decision of the tax court is affirmed.