**VIRGINIA STEVEDORING CORPORA-TION, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REV-ENUE, Respondent-Appellee.**

No. 265, Docket 25438.

United States Court of Appeals
Second Circuit.

Argued April 17, 1959.

Decided June 1, 1959.

Melvin A. Albert, New York City (Allan D. Emil, New York City, on the brief), for petitioner-appellant.

Melvin L. Lebow, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson and A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

Holding that petitioner did not acquire prior to December 1, 1950, "substantially all the properties (other than cash)" of three corporations, and hence is not a "purchasing corporation" as defined in I.R.C.1939, § 474(a) (1) (A), 26 U.S.C. Excess Profits Taxes, § 474(a) (1) (A), the Tax Court rejected petitioner's attempt to utilize the earnings experience of these corporations in computing its excess profits tax credit. 30 T.C. 996.

We agree with the Tax Court that petitioner was required by I.R.C. 1939, § 474(a) (1) (A) to acquire substantially all the properties of the selling corporations, not merely substantially all their income-producing properties, in order to qualify as a "purchasing corporation." Clearly § 474(c) (2)—which requires that the properties acquired be "substantially all of the properties (other than cash) which were used, or which in the ordinary course of business replaced properties used, by the selling corporation * * * in the production of the excess profits net income"—was intended to impose an additional limitation on the section's applicability, and not to limit the broad and general requirements of § 474(a) (1) (A). Moreover, we cannot accept petitioner's contention that it acquired prior to December 1, 1950, the properties which it leased from the three corporations on April 15, 1949. A mere lease of property from a corporation owning a greater interest is not the acquisition required by the statute. Daniels Buick, Inc. **v.**

C. I. R., 6 Cir., 251 F.2d 528, 529. And from the terms of the leases and the fact that no purchase price was set for these properties until their subsequent formal sale in January 1952, we cannot accept petitioner's contention that the leasing of these properties was in substance itself a sale.

The Tax Court's lucid opinion below, 30 T.C. 996, amply answers petitioner's remaining contentions on this appeal.

Affirmed.