FREDERIC R. HARRIS, INC. (N.Y.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 90647. Filed July 26, 1963.

*Sidney Stark, Monroe P. Bloch,* and *Kenneth Pearson,* for the petitioner.

*Marie L. Garibaldi,* for the respondent.

748

## OPINION

RAUM, *Judge:* In computing its excess profits credit for the taxable years petitioner corporation seeks to utilize the earnings experience of the decedent's sole proprietorship during the base period years, 1946–49. To achieve that result, it argues that it should be classified as an "acquiring corporation" under section 461 of the Internal Revenue Code of 1939, as amended, or alternatively, as a "purchasing corporation" under section 474 of the Code, as amended. We think that it has failed to establish qualification under either of these provisions.

That portion of the statute (section 461(a)(1)(D)) upon which petitioner primarily relies defines an "acquiring corporation" to mean a "corporation which has acquired * * * *substantially all* the properties of a partnership [1] in an exchange to which section 112(b)(5) * * * is applicable." (Italics supplied.) And, for its alternative contention, petitioner urges that it qualifies as a "purchasing corporation" under section 474, which defines that term to mean a corporation which, before December 1, 1950, acquired in a transaction other than one described in section 461(a) *"substantially all* of the properties (other than cash) * * * of a business owned by a sole proprietorship." (Italics supplied.) Thus, neither of the foregoing sections would be

---

[1] Section 461(f) provides that for the purposes of section 461(a)(1)(D) "a business owned by a sole proprietorship shall be considered a partnership."

applicable to petitioner unless it has shown that it acquired "substantially all" of the properties of Admiral Harris' sole proprietorship,[2] and we think it has failed to do so on this record.

We note at the outset, as stipulated by the parties, that "None of the assets reflected on the balance sheet of the sole proprietorship as of July 20, 1949 * * * was transferred to the petitioner." Petitioner seeks to avoid the consequence of the foregoing by contending in substance that the most important assets of the proprietorship did not appear on the balance sheet, that it in fact acquired such additional assets, and that they constituted "substantially all" of the assets of the sole proprietorship. For present purposes, we may accept petitioner's position to the effect that what is "substantially all" is a matter to be determined from the facts and circumstances in each case, that among the elements to be considered are the nature of the properties retained and the purpose of their retention, and that the retention of assets, particularly liquid assets, in order to discharge liabilities of the transferor would not preclude a holding that it acquired "substantially all" of the assets of the proprietorship if it in fact acquired all of its important business assets. Cf. *R. & J. Furniture Co.*, 20 T.C. 857, 864, reversed on another issue 221 F. 2d 795 (C.A. 6); *Faigle Tool & Die Corp.*, 7 T.C. 236, 243; *Milton Smith*, 34 B.T.A. 702, 705; Rev. Rul. 57-518, 1957-2 C.B. 253, 254. The difficulty with that position is that we cannot find on this record that petitioner acquired "substantially all" of the assets of the sole proprietorship even after taking into account those assets that did not appear on the balance sheet.

In considering whether petitioner corporation acquired "substantially all" of the assets of Admiral Harris' sole proprietorship within the meaning of sections 461 and 474, it must be remembered that these provisions relate to an excess profits tax where resort is had to the earnings experience of a predecessor organization in order to measure normal earnings of the successor. Accordingly, whatever meaning the words "substantially all" may have in a different context (cf. *Helvering* v. *Stockholms &c. Bank*, 293 U.S. 84, 86–88; *Helvering* v. *Morgans*, 293 U.S. 121, 128; *Sax Rohmer* v. *Commissioner*, 153 F. 2d 61, 65 (C.A. 2)), they must be construed here so as to give effect to the statutory purpose of requiring that the successor corporation carry on substantially the same business as that of the predecessor organization[3] in order that the earnings experience of that predecessor may furnish a fair standard of normal earnings for the successor.

[2] The Government has pointed out a possible distinction between sections 461 and 474 in that the parenthetical clause "(other than cash)" appears only in section 474, thus making the requirements of section 461 even more stringent. We do not pass upon the validity of this distinction, because we think that petitioner has failed to qualify even under the more liberal of the two possible interpretations in this respect.

[3] For purposes of the reorganization provisions it may well be that similar considerations would be pertinent. Cf. *R. & J. Furniture Co.*, 20 T.C. 857, 864, reversed on another ground 221 F. 2d 795 (C.A. 6).

What were the assets of the sole proprietorship which the corporation acquired? The record shows that the corporation acquired (a) six contracts in process, (b) a well-trained organization, (c) files of jobs in progress as well as of completed jobs, together with files of reference material and proposals on which the decedent had been working at the time of his death, and (d) a certain amount of goodwill. Apart from patents, upon which we will comment shortly, it acquired no other assets of the proprietorship. It received no physical assets, other than the foregoing files, no liquid assets, and no intangibles other than those noted above.

One important asset of the proprietorship was goodwill. The business had been built up by Admiral Harris, a man of outstanding reputation and ability as an engineer having wide personal contacts with potential clients. The proprietorship was his and his alone. It was he who dominated the enterprise. Of course it is to be expected that some of the goodwill generated by Admiral Harris "rubbed off" on his organization. And while it is clear that petitioner acquired a certain amount of goodwill of the proprietorship—indeed its clients during 1950–53 were exclusively former clients of the proprietorship—we think it equally clear that it did not acquire all of it. The proprietorship's goodwill included the *live participation* of Admiral Harris, the dominant figure in the enterprise. It is a fair inference that the presence or absence of the Admiral meant a significant difference in goodwill and potential profits. Although superficially similar, the base period entity (sole proprietorship) did not represent substantially the same business with the same profit potential as the corporation, and its profits experience in the base period is not a fair measure of normal earnings for the corporation. We are fully satisfied that the petitioner corporation did not acquire substantially all of the goodwill that the proprietorship had with the Admiral in charge.

An additional factor in this case relates to the patents owned by Admiral Harris. The evidence shows that these patents were a significant factor in the success of his sole proprietorship. Yet there is no proof that these patents were ever transferred to the petitioner. The record does show that they were "made available" to it, whatever that may mean. We express no opinion as to whether this consideration alone would preclude the operation of the statute, but when it is taken in conjunction with the fact that none of the balance sheet assets were transferred to petitioner and in conjunction with our conclusion in relation to goodwill we think it clear that petitioner has failed to establish that it acquired "substantially all" the assets of the proprietorship. We hold that neither section 461 nor section 474 is applicable here.

In view of the foregoing, it becomes unnecessary to consider other possible grounds for supporting the Commissioner's determination. The Commissioner has argued that, in any event, the interposition of the estate between the decedent's sole proprietorship and the corporation is fatal to petitioner's position, citing *S. Klein on the Square, Inc.*, 14 T.C. 786, 790–792, affirmed on another ground 188 F. 2d 127 (C.A. 2), certiorari denied 342 U.S. 824, and *E. T. Renfro Drug Co.*, 11 T.C. 994, affirmed 183 F. 2d 846 (C.A. 5), certiorari denied 340 U.S. 930.[4] We do not pause to examine the validity of possible distinctions between those cases and the case at bar pressed upon us by petitioner, nor do we find it appropriate to reconsider the *Klein* case in the light of alleged factual distinctions and in the light of a dissenting opinion in the Court of Appeals in the *Renfro* case, as urged by petitioner.

*Decision will be entered for the respondent.*

---

[4] Nor do we pass upon the question whether section 474 might be inapplicable by reason of the nontaxable character of the transfer to petitioner. Cf. Rev. Rul. 54–120, 1954–1 C.B. 168, 169.