GEORGE LOEWEN AND SELMA LOEWEN, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13420–78.     Filed January 19, 1981.

---

*Kyler Knobbe*, for the petitioners.
*Marvin T. Scott*, for the respondent.

OPINION

SIMPSON, *Judge*: The Commissioner determined a deficiency of $24,138.60 in the petitioners' Federal income tax for 1976. After a concession by the petitioners, the only issue to be decided is whether the investment credits which the petitioners received in prior years were subject to recapture in 1976 under section 47 of the Internal Revenue Code of 1954[1] when they transferred their farming business to a corporation but retained title to the real estate used therein.

All of the facts have been stipulated, and those facts are so found.

The petitioners, George and Selma Loewen, husband and wife, maintained their legal residence in Ingalls, Kans., when the petition was filed in this case. Their joint Federal income tax return for 1976 was timely filed with the Internal Revenue Service, Austin, Tex.

Prior to 1976, the petitioners operated an unincorporated farming and cattle-feeding business. They received investment credits under section 38 on machinery and equipment purchased for the business. In January 1976, they formed a corporation (the corporation) under Kansas law and transferred to it all their grain inventories, cattle, and movable machinery and equipment. Such assets were subject to a bank debt of $124,000, and they had an aggregate fair market value of $1,199,470. The petitioners also assigned to the corporation year-to-year oral leases to lands which were owned by others but which were used by the petitioners in their farming business, but they assigned no value to such leases.

In transferring the business to the corporation, the petitioners did not include the real property which they owned in fee simple and used in the business. Such property consisted of 160 acres of farmland together with numerous fixtures necessary to the business, such as feeding facilities, sheds, and irrigation wells. The property also included a home in which the petitioners resided. Such real property was subject to a mortgage debt of

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect during 1976, unless otherwise indicated.

$194,052, and it had a fair market value of $990,000. In lieu of transferring the title to such property, the petitioners orally leased it to the corporation under a year-to-year lease.

Since 1931, the State of Kansas has had some type of restrictions on the corporate ownership or use of farmland. The restrictions in effect from 1931 to 1965 are set forth in R.S. 1923, 17–202a (1931 Supp.), and those since 1973 are found in Kansas Statutes Annotated section 17–5901. During 1972 to 1975, the Kansas legislature held numerous committee hearings and received testimony from various farm and other special interest groups advocating proposals ranging from a penalty and full divestiture of land by farm corporations to allowing unrestricted operation.

In return for the property transferred to the corporation, the petitioners received all the stock and securities issued by the corporation. They received no additional consideration. Subsequently, the corporation continued to operate the same farming and cattle-feeding business that the petitioners formerly had operated as individuals.

Some of the items of section 38 property were transferred to the corporation prior to the expiration of the useful life used for computing the credit. In his notice of deficiency, the Commissioner determined that the transfer by the petitioners of their machinery and equipment to the corporation was a disposition of such property and that, therefore, the investment credits received in prior years on such property were subject to recapture.

Section 47(a)(1) provides that an investment credit received under section 38 shall be recaptured if the section 38 property "is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit." However, section 47(b) provides, in part:

For purposes of subsection (a), property shall not be treated as ceasing to be section 38 property with respect to the taxpayer by reason of a mere change in the form of conducting the trade or business so long as the property is retained in such trade or business as section 38 property and the taxpayer retains a substantial interest in such trade or business.

Section 1.47–3(f)(1), Income Tax Regs., provides that a transfer of section 38 property pursuant to a change in the form of

conducting a trade or business is exempted from recapture by section 47(b) only if four conditions are met:

(*a*) The section 38 property * * * is retained as section 38 property in the same trade or business,

(*b*) The transferor * * * of such section 38 property retains a substantial interest in such trade or business,

(*c*) Substantially all the assets (whether or not section 38 property) necessary to operate such trade or business are transferred to the transferee to whom such section 38 property is transferred, and

(*d*) The basis of such section 38 property in the hands of the transferee is determined in whole or in part by reference to the basis of such section 38 property in the hands of the transferor.

The parties agree that subdivisions (*a*), (*b*), and (*d*) of the regulations are satisfied in this case; the controversy revolves around subdivision (*c*). That subdivision represents an interpretation of section 47(b) suggested by the legislative history. In discussing section 47(b), the report of the Senate Finance Committee said:

The phrase "a mere change in the form of conducting the trade or business" (whether through incorporation, the formation of a partnership, or otherwise) applies only to cases where the properties of a trade or business are transferred. * * * [S. Rept. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 707, 856.]

Similarly, under subdivision (*c*), section 47(b) applies only if the transferee of the section 38 property also receives the assets of the business.

Yet, the regulations do not require that all assets of the business be transferred. Under the regulations, a transfer qualifies under section 47(b) if it includes substantially all the assets necessary to operate the business. Thus, under the regulations, if the transferor retains insubstantial assets of the business, the transfer may, nevertheless, qualify under section 47(b). Also, if the transferor possessed some assets which were not necessary for the continued operation of the business, the failure to include such assets in the transfer would not cause the transfer to fail to qualify under section 47(b). In this case, the petitioners do not contend that the real estate retained by the petitioners was an insubstantial asset, but they do contend that a transfer of its use, together with the other assets of the business, was a transfer of all the assets necessary to the operation of the business.

A similar question was considered in *R. & J. Furniture Co. v.*

*Commissioner,* 20 T.C. 857 (1953), revd. on other grounds 221 F.2d 795 (6th Cir. 1955), and *James Armour, Inc. v. Commissioner,* 43 T.C. 295 (1964). In *R. & J. Furniture Co.,* the issue was whether the taxpayer was an "acquiring corporation" under section 740(a) of the 1939 Code; if so, the taxpayer was permitted to employ a favorable method for computing its excess profits credit. Under section 740(a), the taxpayer was an acquiring corporation if it had acquired "substantially all the properties of a partnership." The facts showed that the taxpayer had acquired all the assets of a partnership except the fee in the real property used in the business of the partnership. However, the taxpayer had received the use and possession of such property through a lease, and since such lease constituted substantially the entire interest of the partnership in the property, we held that the taxpayer was an acquiring corporation. 20 T.C. at 865. In *James Armour, Inc.,* the issue was whether for purposes of section 354 "substantially all the assets" of the taxpayer had been acquired by another corporation. As in *R. & J. Furniture Co.* and this case, the acquiring corporation had received all the assets necessary to the business of the taxpayer except the real property used in the business. However, the real property was leased to the corporation, and as a result, the corporation "either acquired title to, or the use of, all the assets essential to the conduct of the business enterprise." 43 T.C. at 309. On that basis, we held that for purposes of section 354 substantially all the assets had been acquired. 43 T.C. at 309.

The facts of this case were fully stipulated, and we were unable to make a finding as to the reason for not transferring title to the real property to the corporation. However, it appears that under Kansas law, there were restrictions on the corporate ownership of farmlands and that other restrictions were being considered by the legislature. Such circumstances are sufficient to cause anyone in Kansas to hesitate to transfer farmlands to a corporation. In deciding what assets should be transferred to the corporation, the possible legal obstacles to a transfer of the farmlands should have been considered by the petitioners, and they make the petitioners' decision not to include such property in the transfer more understandable and appropriate under the circumstances.

We recognize that a short-term oral lease of property is not equivalent to a transfer of the fee of the property. *Dixie*

*Portland Flour Co. v. Commissioner*, 31 T.C. 641 (1958); *Daniels Buick, Inc. v. Commissioner*, 26 T.C. 894 (1956), affd. per curiam 251 F.2d 528 (6th Cir. 1958). The Commissioner contends that even if a lease of the real property, together with a transfer of the other assets of the business, could qualify under section 47(b) and the regulations, here, there were short-term oral leases, and they were illusory. Yet, a long-term written lease would have had no greater significance under the circumstances of this case since the petitioners could have arranged for its termination at will. Because they owned the corporation, their income therefrom depended upon the continued operation of the farming business, and that business had to have the use of the land. Thus, it was essential to them to have the corporation continue to use the land, and under these circumstances, it was immaterial whether the lease was in writing or oral, long-term or short-term.

Moreover, the objective of the recapture rules of section 47 will not be frustrated by exempting the petitioners' transfer of their section 38 property to the corporation. The purpose of recapture is to prevent a quick turnover of assets in an effort by a taxpayer to obtain multiple tax credits. H. Rept. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 405, 417. In this case, there is clearly no threat of multiple tax credits since there was no turnover of assets in the petitioners' business. Also, there is no threat of tax avoidance in the future. For example, under section 1.47–3(f)(5)(i) of the regulations, if the section 38 property which was transferred to the petitioners' corporation is sold by the corporation, or otherwise ceases to be section 38 property, then the investment credits received on such property will be recaptured from the petitioners. In addition, under section 1.47–3(f)(5)(ii) of the regulations, if at any time the petitioners cease to own a substantial interest in their business, again the credits they received will be recaptured.

Under the circumstances of this case, we are satisfied that the requirements of section 47(b) and section 1.47–3(f)(1) of the regulations have been met.[2] There was a mere change in the form of operating the business: After the transfer, the corpora-

---

[2] In this case, there were special circumstances for not transferring the title of the land to the corporation; we express no opinion as to what our conclusion would be in the absence of such special circumstances.

tion owned most of the assets, the petitioners owned the real property, and all such assets were used to continue to operate the same farming business. As in *R. & J. Furniture Co.* and *James Armour, Inc.*, when the petitioners allowed the corporation to use the real property in the farming business and transferred the other assets of the business to the corporation, the petitioners transferred all that was necessary for the continued operation of the farming business. Accordingly, we hold that there is to be no recapture of the investment credits allowed the petitioners on their section 38 property transferred to the corporation.

*Decision will be entered for the petitioners.*